[L. A. No. 4847.  In Bank.—January 24, 1918.]

GEORGIA CASUALTY COMPANY (a Corporation), et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMIS- SION et al., Respondents.

[L. A. No. 4929.  In Bank.—January 24, 1918.]

GEORGIA CASUALTY COMPANY (a Corporation), et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMIS- SION et al., Respondents.

WORKMEN'S COMPENSATION ACT—EMPLOYER AND EMPLOYEE—EMPLOY- MENT BY CONTRACTOR—FINDING SUSTAINED BY EVIDENCE.—Where a contractor had agreed to do all the work and furnish all tools and appliances for constructing, grading, and completing the roadbed of a railway, evidence that the conductor of a train crew was en- gaged in hauling materials for the laying of track on a portion of the grade which had been completed, and which was necessary to use the steam shovel to complete the roadbed under the contract, was sufficient to sustain a finding that such conductor was in the employ of the contractor and not of the railroad company, at the time he was injured while the track was being laid, although the track, when completed, was to be a part of the permanent equipment of the railway, and not a part of the grading originally con- tracted for.

ID.—JURISDICTION OF INDUSTRIAL ACCIDENT COMMISSION — ADDITIONAL AWARD — LIMITATION ON EXERCISE.—The continuing jurisdiction given to the Industrial Accident Commission, in general terms, under subdivision (d) of section 25 of the Workmen's Compensation Act, to rescind, amend, or alter its own orders, decisions, and awards, is limited by subdivision (b) of section 82, permitting the commission to retain jurisdiction for the period of 245 weeks, for the sole purpose of making such changes as may be required by the

CLXXVII Cal.—19

occurrence of new facts arising after the date of the original decision, and where the commission, after the denial of an application for rehearing, made a second award, based solely upon a reconsideration of the facts upon which an award was made, and without any evidence having been presented as a basis for the second award, that action was in excess of the jurisdiction of the commission.

APPLICATION for Writs of Review against Industrial Accident Commission.

The facts are stated in the opinion of the court.

George H. Moore, and Redman & Alexander, for Petitioners.

Christopher M. Bradley, and Daniel W. Burbank, for Respondents.

RICHARDS, J., *pro tem.*—The facts of these two applications, so far as they are necessary to a decision of the questions presented thereby, are fully and correctly set forth in the former opinion filed herein, and are as follows:

"Two proceedings in *certiorari* were brought to review successive awards made by the Industrial Accident Commission.

"The application for compensation was made by Laura Sims, claiming to be the dependent sister of Lewis Hicks, who died in consequence of injuries received by him in December, 1915. The commission found that at the time of his injury Hicks was in the employ of Robert Sherer & Company, and made an award against said Robert Sherer & Company as employer, and Georgia Casualty Company as insurance carrier. The award, which was made May 5, 1916, was for $1,872. A petition for rehearing addressed to the commission having been denied, Sherer & Company and the Casualty Company applied to this court for a writ of review, and such writ was issued on July 20, 1916. It is proceeding number 4847.

"In the meanwhile, on June 19, 1916, two days after the denial of the petition for rehearing, to which we have referred, the commission had given notice to Sherer & Company and the insurance carrier to show cause why the findings and award theretofore made should not be amended, and the award increased to $3,461.25. On July 12, 1916, the commission filed amended findings, and made a new award in-

creasing the amount to $3,461.25.  The second proceeding, number 4929, is a writ of *certiorari* to review this increased award.

"The two cases are presented on a single set of briefs."

Upon the writ involving the validity of the first award the single question is whether there was evidence before the commission to justify its findings that Hicks, at the time of his injury, was in the employ of Robert Sherer & Company.  The claim of the petitioners is that the evidence shows conclusively that the employer of Hicks was the Pacific Electric Railway Company.

Robert Sherer & Company, as contractor, had entered into, and was engaged in performing, a written agreement with the Pacific Electric Railway Company by which said contractor agreed to perform "all the labor of constructing . . . the grading and other work required to complete the roadbed for a railway," said railway, when constructed, to be a part of the system of the Pacific Electric Railway Company.  The contractor agreed also to furnish all tools and appliances required in the work.  Among other appliances, Sherer & Company used in the work a steam locomotive.  For the operation of this locomotive, and the cars which it hauled, the contractor employed a train crew, and the deceased, Hicks, was a member of this crew, acting as conductor.  He had been engaged by Sherer & Company for a monthly compensation of $75.  All that the contract of Sherer & Company required them to do was to grade the roadbed.  They were not called upon to lay the track.  On the day on which Hicks met his injuries the train crew was operating a train made up of the locomotive and two cars (the cars belonging to the Pacific Electric Railway Company).  The work in which the crew was engaged during that day was the hauling of materials for the laying of track upon a portion of the grade which had been completed.  The contention of the petitioners is that because the  work of laying track, then under way, was not a part of the grading which the contractor had undertaken to perform, the Railway Company is to be regarded as the employer, for the time being, of the men composing the train crew.  But there is evidence in the record tending to show that this track was laid at the request of the contractor, and that its laying was, as stated in a supplementary contract signed by Sherer & Company, "necessary to use the steam

shovel to complete the roadbed in our contract with your company.'' While the track, when completed, would be a part of the permanent equipment of the railway, the laying of it was incidental to the work of grading, upon which the contractor was engaged. It appears, then, that Hicks was engaged and paid by the contractor, and that he met his injuries while he was doing work which was necessary to enable said contractor to carry out the stipulations of the contract for grading. Without going into other considerations suggested by counsel, we have here ample evidence to warrant the commission in finding that Hicks was in the employ of Robert Sherer & Company.

As to the second writ, the sole contention is that when the commission had once made an award and had denied a rehearing, its jurisdiction to alter or annul its award was exhausted, unless based upon the ground that the disability had increased, diminished, or terminated, and that when any later attempted exercise of jurisdiction was sought to be based upon this ground, it could only arise out of the proof of facts occurring after the date of its original award. The determination of this question depends upon the construction to be placed upon the several sections of the Workmen's Compensation Act relating to the power of the commission over its awards, and the time within which these powers are to be exercised. Sections 81 and 82 of said act relate to the matter of rehearings before the commission. Section 81 provides that persons aggrieved by any award of the commission may apply to the commission for a rehearing in respect to the matters determined by it of which they complain; and provides the procedure for the making, service, and hearing of said application. Section 82 provides that applications for rehearings must be made within twenty days after service of the decision of the commission upon those claiming to be aggrieved thereby, and further proceeds to specify the grounds upon which the rehearing must be applied for within said limited time. Subdivision b of said section 82 reads as follows:

''Nothing contained in this section shall, however, be construed to limit the right of the commission, at any time within two hundred forty-five weeks from the date of its award, and from time to time, after due notice and upon the application of any party interested, to review, diminish, or increase,

within the limits provided by this act, any compensation awarded upon the grounds that the disability of the person in whose favor such award was made has either increased or diminished or terminated.''

In addition to these two sections of the act thus providing for rehearings before the commission, section 25 of the act is in the following words:

''(d) The commission shall have continuing jurisdiction over all its orders, decisions and awards made and entered under the provisions of sections twelve to thirty-five, inclusive, of this act and may at any time, upon notice, and after opportunity to be heard is given to the parties in interest, rescind, alter or amend any such order, decision or award made by it upon good cause appearing therefor . . . ''

It is the contention of the respondent to this writ that by the terms of the section last above quoted the commission is given unlimited power over its orders, decisions, and awards during the period of 245 weeks to rescind, alter, or amend the same; and that the commission, in the instant case, having concluded to amend its findings and increase its original award during such period, its power to do so cannot be questioned upon this writ. We do not so construe the powers of the commission under the several sections of the Workmen's Compensation Act above referred to. These several sections, all referring to the powers of the commission over its orders, decisions, and awards, must be read together, and must be so construed, if possible, as to present a harmonious system for the re-examination of matters decided by the commission, and for the determination of the finality of such decisions. When these several sections are so read and construed together, it seems quite obvious that the provisions of subdivision b of section 82, which permit the commission within the period of 245 weeks after its award to rescind, diminish, or increase the same ''upon grounds that the disability of the person in whose favor such award was made has either increased or diminished or terminated,'' contemplates a change in conditions arising after the making of the original award, and by which the disability of the person in whose favor such award was made has been either increased, diminished, or terminated; and that under this subdivision of section 82 of the act the power of the commission thus extended over the period of 245 weeks after the date of its original

award is limited in its exercise to the consideration of such facts only as have arisen since the making of such award, and that it is only upon the proof of such facts that the commission has jurisdiction to review, diminish, or increase such award. When subdivision b of section 82 of the act is thus construed, it operates to so limit the more general terms of subdivision d of section 25 of said act as to permit the commission to retain jurisdiction over its orders, decisions, and awards during the period of 245 weeks thereafter for the sole purpose of making such changes therein as may be required by the occurrence of new facts arising after the date of its original decision.

In the instant case the second award of the commission was not predicated upon any new facts occurring since its original award, but was based solely upon a reconsideration of the facts upon which such former award was made. We are satisfied that upon a proper construction of the foregoing sections of the Workmen's Compensation Act the jurisdiction of the commission to alter or amend its original award expired when it denied the application for a rehearing thereon, except as these sections give to the commission a continuing jurisdiction during a period of 245 weeks after the date of its award to alter or amend the same upon proof of facts occurring during such period, and upon such proof alone, and that no such proof having been presented as a basis for the second award of the commission, for the annulment of which this writ was sought, it follows that in making such second award the commission acted in excess of its jurisdiction.

The judgment of this court will therefore be as follows: As to the first writ, L. A. No. 4847, the award is affirmed. As to the second writ, L. A. No. 4929, the award is annulled.

Sloss, J., Shaw, J., Victor E. Shaw, J., *pro tem.*, Melvin, J., Wilbur, J., and Angellotti, C. J., concurred.