[S. F. No. 9364.   In Bank.—March 12, 1920.]

GLENN McBRIDE, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] Workmen's Compensation Act—Reservation of Award—Procuring of Vouchers for Medical Treatment—Power of Commission.—The Industrial Accident Commission has the power to reserve an award for medical, surgical, and hospital treatment to which it found a claimant entitled, pending the procuring of the necessary information and vouchers for a supplemental award, although the practice is not one to be commended, as a single final judgment covering all matters involved is the orderly method.

PETITION for rehearing application for Writ of Certiorari to review an order of the Industrial Accident Commission.   Denied.

The facts are stated in the opinion of the court.

Theodore L. Breslauer for Petitioner.

THE COURT.—The petition for a writ of review was denied in this matter upon the theory that the commission had the *power* to reserve, as it expressly did, the award for medical, surgical, and hospital treatment, to which it found the claimant entitled, pending the procuring of the necessary information and vouchers for a supplemental award. [1] The practice, perhaps, is not one to be commended, as a single final judgment covering all matters involved is the orderly method. It certainly could not be extended to allow supplemental awards for the purpose of correcting errors in the original award, as was attempted in *Georgia Casualty Co.* v. *Industrial Acc. Com.,* 177 Cal. 289, [170 Pac. 625], the case principally relied on by petitioner. The case just cited is not in point upon the question here presented.

The petition for a rehearing is denied.