[Civ. No. 4843.   First Appellate District, Division Two.—March 29, 1924.]

MILLER CREAMERY et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] Workmen's Compensation Act—Termination of Compensation—Recurrence of Disability—Supplemental Award.—Where the physical condition of an injured employee, while resting in the hospital or his home, was such that physicians had advised his return to work and he acted upon this advice and stipulated with the employer and its insurance carrier that the compensation might be discontinued, and upon such stipulation an order was made by the Industrial Accident Commission terminating the compensation, but after six weeks of work physicians found his condition had so changed that they advised rest and medical treatment, the Commission, under section 20, subdivision d, of the Workmen's Compensation Act, was authorized to make a supplemental award of compensation.

---

1.   See 28 R. C. L. 823.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission.   Award affirmed.

The facts are stated in the opinion of the court.

Barry J. Colding and Theodore Hale for Petitioners.

Warren H. Pillsbury for Respondents.

LANGDON, P. J.—This matter comes to us upon a writ to review an award made by the Industrial Accident Commission for further compensation to respondent James Acker, after an order had been made terminating compensation.

The respondent, James Acker, was an employee of Miller Creamery, working as a truck driver.   He was injured in the course of his employment upon July 22, 1922, and while still suffering from the effects of this injury he was injured again in the course of his employment upon July 26, 1922. The petitioner Amsterdam Casualty Company, the insurance carrier, paid compensation to Acker in accordance with the orders of the Industrial Accident Commission up to June 9, 1923, and also furnished medical treatment to Acker, including a surgical operation and hospital care.   Upon said last-mentioned date the Industrial Accident Commission made the following order: "Upon stipulation of the parties, it is ordered that upon payment to applicant of two weeks' additional compensation and the sum of $15 for the purchase of glasses, as prescribed in said stipulation, defendant's liability for continuing temporary disability payments under the findings and award of May 6, 1923, be and the same is hereby terminated."

This order was made upon a showing that Acker had returned to his work.   On July 20, 1923, Acker petitioned the Industrial Accident Commission for an allowance of further compensation, alleging that since the termination of the compensation payments he had endeavored to work and had been steadily employed by the Miller Creamery, and that he had made every effort to continue in such employment, but his distress and pain had increased to such an extent that he had been obliged to be absent from his work for three days on the previous week and feared he would not be able

. . . .

to continue his duties. He requested, an examination by Industrial Accident Commission physicians and an order allowing him compensation until his recovery.

A hearing was had upon this application. It was stipulated that a medical referee might be appointed at the expense of defendant to examine applicant to ascertain the nature of his present disability and report to the Commission as to the possible extent and duration of same, together with the prognosis of future treatment and recovery. After taking testimony and receiving reports from physicians, the Commission found that applicant was entitled to further medical treatment, as indicated in the report of Dr. H. L. Langnecker, and a temporary total disability compensation during the period of such medical treatment, and made its order accordingly.

The petitioners' position is that the Industrial Accident Commission acted in excess of its powers in making this supplemental award. This conclusion is reached upon the theory that the parties hereto had effected a compromise of their respective rights and that such compromise agreement is a binding obligation under the provisions of section 27 of the Workmen's Compensation, Insurance and Safety Act (Stats. 1917, p. 831), and the Commission has no power to impair the obligation of that contract.

On the other hand, the Commission insists that the order under review was a proper exercise of the power given it by section 20, subdivision d, of said act, to "rescind, alter or amend any such order, decision or award made by it upon good cause appearing therefor, such power including the right to review, grant or regrant, diminish, increase or terminate, within the limits prescribed by this act, any compensation awarded, upon the grounds that the disability of the person in whose favor such award was made has either recurred, increased, diminished or terminated; provided that no award of compensation shall be rescinded, altered or amended after two hundred forty-five weeks from the date of the injury."

[1] The only question presented is whether section 20, subdivision d, or section 27 of the Workmen's Compensation, Insurance and Safety Act applies to this case.

Petitioners rely upon the case of *Georgia Casualty Co. et al.* v. *Industrial Acc. Com.*, 177 Cal. 289 [170 Pac. 625],

but concede, as indeed they must, in view of the express provisions of the Workmen's Compensation, Insurance and Safety Act, as well as the express language of the case cited, that section 20, subdivision d, operates to change the rule of section 65 of the act of 1917 if a new state of facts has developed since the award, and where the disability of the person in whose favor such award is made has either recurred, increased, diminished or terminated. And we think the situation in the instant case comes precisely within the provisions of section 20, subdivision d, of said act. The record shows that after Acker had received medical and hospital care, his condition improved, apparently, to such an extent that the physicians advised a return to his work, and he did return to it, and stipulated with the petitioners that the compensation might be discontinued, and upon such stipulation, an order was made terminating the compensation. Indeed, it is difficult to see how such an order could have been refused at that time under the facts, even without the stipulation. Acker worked for about six weeks, and claimed in his petition for further compensation that his condition grew steadily worse under the strain of his work until he was forced to remain away from his work for several days in a week. This was assuredly a change in his condition—a change in the facts of the case. It was a recurrence or increase of his disability, probably due to the physical strain of his work. While resting in the hospital or his home, Acker's physical condition had been such that physicians had advised his return to work and he had acted upon this advice and the Industrial Accident Commission had acted accordingly in making its order for termination of the compensation. After six weeks of work physicians found his condition had so changed that they advised rest and medical treatment. This was clearly a recurrence of disability and a change in the condition of the applicant from the time the order terminating the compensation was made.

The award of the Industrial Accident Commission is affirmed.

Nourse, J., and Sturtevant, J., concurred.