[L. A. No. 7865.   In Bank.—April 1, 1924.]

NATIONAL ENGINEERING CORPORATION (a Corporation), et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] Workmen's Compensation Act—Supplemental Award—Time of Termination—Failure of Industrial Commission to Designate—Validity of Award.—The validity of a supplemental order made by the Industrial Accident Commission, granting temporary disability compensation to an injured employee from a certain date indefinitely, is not affected by the failure of the commission to specifically terminate its allowance as of the date such award would terminate by operation of law.

[2] Id.—Award Declaring Finality of Previous Award—Subsequent Allowance—Continuing Jurisdiction.—Under section 20 (d) of the Workmen's Compensation Act, the Industrial Accident Commission is clothed with continuing jurisdiction over all its awards with the power to at any time within two hundred and forty-five weeks from the date of the injury, upon notice, rescind,

alter, or amend any award made by it; and the mere fact that in a second order the commission purported to make its first award its "final decision" availed nothing, so far as its power to reopen the case and make a supplemental allowance after said second order was concerned, for it could not by such attempted adjudication deprive itself of the jurisdiction vested in it by statute.

[3] ID. — SECTION 9 (8) OF ACT — CONTINUING JURISDICTION. — The power of the Industrial Accident Commission, under section 9 (8) of the Workmen's Compensation Act, to allow a temporary disability payment in lieu of a permanent disability payment is one which, from the nature of the act to be accomplished, is a continuing power and within the scope of the continuing jurisdiction of the commission.

[4] ID.—AWARD—FINDING—EVIDENCE—CERTIORARI.—In this proceeding in *certiorari* to review a supplemental award by the Industrial Accident Commission for further disability after previous awards, a finding that the injury sustained by the applicant "caused a temporary total disability due to a swollen and ulcerous condition of the leg between the knee and the ankle" continuing from a certain date indefinitely, viewed in the light of the entire proceeding, amounted to a finding that the disability of the employee "recurred," justifying the reopening of the case; and the evidence was sufficient to support the employee's claim that the injury sustained by him caused a temporary total disability following the period covered by the previous awards, and continuing indefinitely, and this being so, the commission's finding will not be disturbed on *certiorari*.

PROCEEDING in Certiorari to annul an award of the Industrial Accident Commission granting compensation. Award affirmed.

The facts are stated in the opinion of the court.

Geo. H. Moore for Petitioners.

Warren H. Pillsbury for Respondents.

WASTE, J.—This is a proceeding in *certiorari*, instituted by National Engineering Corporation and the Ocean Acci-

4. Right and extent of review of findings of Industrial Accident Commission, under Workmen's Compensation Act, notes, Ann. Cas. 1916B, 475; Ann. Cas. 1918B, 647; L. R. A. 1916A, 163, and 266; L. R. A. 1917D, 186.

dent and Guarantee Corporation, Limited, of London, England, its insurance carrier, to review the action of the Industrial Accident Commission in the matter of the application of respondent J. C. Westhafer for compensation under the provisions of the Workmen's Compensation Act. Westhafer was injured December 19, 1918, while employed as a pipefitter in the service of the Engineering Corporation. It is admitted that the injury arose out of and in the course of his employment, was proximately caused thereby, and occurred while the employee was performing service growing out of and incidental to his work. He fell a distance of some twenty feet, sustaining a serious fracture of the right femur and a fracture of the front of the skull. He was unconscious for ten days, after which time the head injury was not particularly disabling, although it is asserted by respondents that throughout the entire pendency of the proceeding before the Commission he complained of headaches and pains in the head. The fractured leg proved to be of a serious nature. Westhafer was kept in the hospital from the date of his injury to August 30th, when he was discharged. Two weeks later an abscess developed at the site of the fracture of the thigh-bone, which necessitated further treatment. Thereafter he was disabled on several occasions by recurrent abscesses of the bone, an ailment described by the physician as "recurrent osteomyelitis." Medical, surgical, and hospital treatment was furnished, and the insurance carrier paid Westhafer compensation benefits, other than such medical and hospital care, to April 13, 1921.

On January 4, 1922, Westhafer filed an application with the respondent Commission to have the extent of his disability determined. He represented that he was totally disabled from the date of his accident to March, 1920. The Commission found that the injury caused a permanent disability, consisting of shortening of the right leg and limited motion of the knee-joint, which, for applicant's age—fifty-seven years—and occupation, was held to equal twenty-seven per cent of total disability. On April 24, 1922, Westhafer was accordingly awarded compensation for this permanent partial disability, for the period of 108 weeks, in the sum of $1,702.08. No special mention is made in these findings of the recurring abscesses of the bone from which the applicant was suffering, and which necessitated his return to the hos-

pital for treatment, but the record shows that such condition of the applicant's leg was inquired into, and was considered by the Commission. There was testimony indicating that the inflamed condition and the recurring abscesses were eliminated, or would probably subside in time. Westhafer applied for a rehearing, after the decision of the Commission, and claimed that the temporary disability, due to repeated hospitalization and treatment for the recurrent abscesses, entitled him to more than the permanent partial disability indemnity he had been allowed. The Commission granted the application, and, on rehearing, took further testimony. After considering this evidence, it made the following finding: "It now appearing to the satisfaction of this Commission that the applicant's temporary disability would still entitle him to less compensation than that herein awarded for permanent disability, and that since the date of said award further payments have been made thereon so that the sum of $1,702.08 has now been fully paid; it is ordered that said Findings and Award of April 24, 1922, be and they are hereby confirmed and adopted as the final decision herein." This finding and order of the Commission amounts to a determination that, under the provisions of section 9 (8) of the Workmen's Compensation Act (to be hereinafter referred to), and as between temporary and permanent disability payments, Westhafer was entitled to the amount already awarded by the Commission as the "greater of the two," and had not been prejudiced by the first award.

Following the second hearing, Westhafer appears to have had further trouble with his leg, necessitating his return to the hospital and further operations to relieve the condition. On March 14, 1923, he filed a petition for further compensation, upon the ground that he had sustained additional temporary disability since the period covered by the previous decision on rehearing, and that the temporary disability had now exceeded the permanent. The case was reopened and much additional testimony was taken concerning the condition of the applicant's injured leg since the last hearing. On July 19, 1923, the Commission entered its decision upon this claim for supplemental award for further disability. It found that the injury sustained by Westhafer caused temporary total disability, due to a swollen and ulcerous condition of the leg between the knee and ankle,

continuing from September 13, 1922, indefinitely. It accordingly made a supplemental award in applicant's favor and against the insurance carrier of the employer, in addition to the compensation previously awarded under date of April 24, 1922, in the sum of $538.09, payable forthwith, and that, beginning as of May 11, 1923, applicant be paid the sum of $15.76 a week until the termination of disability and the further order of the Commission. It is this order and award which is attacked on this proceeding.

[1] It is first contended that the Industrial Accident Commission had no power to make an award for temporary disability covering a period beyond 240 weeks from the date of the injury; that to do so would be a violation of section 9 (b) 2 (4) of the Workmen's Compensation Act. The Commission concedes that it cannot award compensation for any temporary disability beyond the two hundred and fortieth week from the injury. The date of the order complained of is July 19, 1923, the last day of the two hundred and thirty-ninth week after the injury. While the Commission found Westhafer entitled to temporary disability compensation from September 13, 1922, indefinitely, the award would terminate, by operation of law, on July 26, 1923. The validity of the order is not affected by the failure of the Commission to specifically terminate its allowance as of that date. (*Southwestern Surety Ins. Co.* v. *Industrial Acc. Com.,* 172 Cal. 768, 773 [158 Pac. 762].)

[2] It is next contended by the petitioners that the original award made on April 24, 1922, had become final, and that the Commission had no jurisdiction to reopen the case and make a supplemental allowance to the applicant. Section 20 (d) of the Workmen's Compensation Act provides that the Industrial Accident Commission shall have continuing jurisdiction over all its orders, decisions, and awards made and entered under the provisions of the act, and may at any time, within 245 weeks from the date of the injury, upon notice and after opportunity to be heard is given to the parties in interest, rescind, alter, or amend any such order, decision, or award made by it, upon good cause appearing therefor. It is further provided that such power shall include the right to review, grant, or regrant, diminish, increase, or terminate, within the limitations prescribed by

the act, any compensation awarded, upon the ground that the disability of the person in whose favor such award was made has either recurred, increased, diminished or terminated. Any such order, decision, or award will have the same effect as is provided in the act for the original orders, decisions, or awards of the Commission. The mere fact that in the order and award of October 19, 1922, the Commission purported to make such award its "final decision" avails nothing, for it could not, by such attempted adjudication, deprive itself of the jurisdiction vested in it by the statute. Section 9 (8) of the act provides that where an injury causes both temporary and permanent disability, the injured employee shall not be entitled to both a temporary and permanent disability payment, but only the greater of the two. [3] This court has held that the power of the Commission, under this section, to allow a temporary disability payment in lieu of a permanent disability payment is one which, from the nature of the act to be accomplished, must be a continuing power and within the scope of the continuing jurisdiction of the Commission. (*Western Indemnity Co.* v. *Industrial Acc. Com.*, 191 Cal. 418 [216 Pac. 611].) Consequently, the Commission, in the instant case, had jurisdiction to reopen the matter of the application of Westhafer for compensation, and to take further testimony and make such disposition of the matter as should be warranted by the facts developed on such re-examination.

[4] The only remaining contention of the petitioners which we deem necessary to consider is the claim that there was no evidence and no finding in this case that Westhafer sustained "a new and further disability," a necessary situation, they argue, upon which to support the supplemental allowance. No special findings were made, but the ultimate fact found by the respondent Commission is that the injury sustained by the applicant "caused a temporary total disability due to a swollen and ulcerous condition of the leg between the knee and the ankle, continuing from September 13, 1922, indefinitely." Viewed in the light of the entire proceeding, this finding can be construed in no other way than as amounting to a finding that the disability of Westhafer, the person in whose favor the first and second awards were made, has "recurred." The situation thus presented justified the reopening of the case. (Workmen's Compensa-

tion Act, sec. 20 (d).)   On the final hearing before the Commission, the testimony was devoted to the condition of Westhafer's leg, and his ability to work after the injury, and particularly during the period following the first rehearing. New conditions occurring since the original award were developed, and the supplemental award appears to be predicated thereon, which situation distinguishes this case from that considered in *Georgia Casualty Co.* v. *Industrial Acc. Com.,* 177 Cal. 289 [170 Pac. 625], cited and relied on by petitioners. Evidence in the record supports the claim of the applicant that the injury sustained by him caused a temporary total disability following the period covered by the previous awards, and continuing indefinitely. This testimony was of a substantial kind, and justified the conclusion reached by the Commission. It had full power to determine all the disputed questions of fact which arose, and its finding cannot be disturbed where there is evidence in the record which supports its conclusion.

The writ is discharged and the award is affirmed.

Lawlor, J., Seawell, J., Richards, J., Lennon, J., and Myers, J., concurred.