[Civ. No. 4851.  First Appellate District, Division Two.—May 2, 1924.]

## GRAND UNION HOTEL et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—AWARD—NECESSITY FOR SUBSEQUENT TREATMENT—SUPPLEMENTAL AWARD—JURISDICTION.—Where an employee is awarded benefits under the Workmen's Compensation, Insurance and Safety Act and later requires surgical treatment for the relief of his injury, the commission possesses continuing jurisdiction under section 20 (d) of said act to enter its supplemental award or order, allowing him such treatment as he may need and also such further disability compensation as he may be entitled to by reason of the change in his condition, the recurrence of disability following his entry into the hospital.

[2] ID.—SUBMISSION OF CASE—ENTRY INTO HOSPITAL—CHANGE IN PHYSICAL CONDITION—SECTION 20 (D) OF ACT—CONSTRUCTION.— The entry into a hospital by an injured employee, upon whom no surgical operation had been performed up to the time of the submission of his case to the Industrial Accident Commission for decision and also up to the subsequent time of filing of certain bills for medical services pursuant to a stipulation of the parties, for the purpose of submitting himself to a surgical operation constituted a change in circumstances or a new development in his situation contemplated by section 20 (d) of the Workmen's Compensation Act.

[3] ID.—SUBMISSION OF CASE—FINDINGS—JUSTICE OF RULE.—Any rule other than the one that the findings of the Industrial Accident

---

1. Increase, decrease, termination or suspension of allowance under Workmen's Compensation Act, notes, **Ann. Cas.** 1916E, 889; **Ann. Cas.** 1917E, 469; **Ann. Cas.** 1918B, 733. See, also, 28 **R. C. L.** 823.

5. See 21 **R. C. L.** 503.

Commission can settle questions, logically, only as of the date of the submission of the same, would be grossly unjust, demanding proof of conditions in advance of their existence.

[4] ID.—CHANGE IN PHYSICAL CONDITION BETWEEN TIME OF SUBMISSION AND DECISION OF CASE—RIGHT OF APPLICANT TO PROVE—SUPPLEMENTAL AWARD—JURISDICTION OF COMMISSION.—An injured employee who suffers a change in his physical condition, requiring the performance of a surgical operation, between the time of the submission of his case to the Industrial Accident Commission and the decision of the Commission, has a right to prove such change, and the Commission is authorized to make a supplemental award covering the additional expense.

[5] JUDGMENTS—ISSUES—PLEADING.—The issues in a case refer to the beginning of an action and matters occurring *pendente lite* cannot be put in evidence and are not adjudicated by the judgment unless brought before the court by a supplemental pleading.

[6] WORKMEN'S COMPENSATION ACT—SUPPLEMENTAL AWARDS—WHEN MAY NOT BE USED.—Supplemental awards may not be used for the purpose of correcting errors in the original award, and if the expenses have been incurred prior to the submission of the case to the Industrial Accident Commission, but, nevertheless, through error, said Commission has failed to make an allowance therefor, or if the applicant has neglected to prove such expenses before the Commission, although they have been incurred prior to the date of the hearing, no supplemental award can accomplish the purpose of correcting the error.

---

(1) **C. J.**, p. 132, sec. 151.  (2) **C. J.**, p. 132, sec. 151.  (3) **C. J.**, p. 117, sec. 115.  (4) **C. J.**, p. 132, sec. 151.  (5) 33 **C. J.**, p. 1141, sec. 87.  (6) **C. J.**, p. 132, sec. 151.

PROCEEDING in Certiorari to annul a supplemental order of the Industrial Accident Commission allowing expenses. Award affirmed.

The facts are stated in the opinion of the court.

Barry J. Colding and Theodore Hale for Petitioners.

Warren H. Pillsbury for Respondents.

LANGDON, P. J.—This matter comes before us upon a writ to review a supplemental order of the respondent Industrial Accident Commission awarding to respondent Gustaf Lindemann $227.62, to cover hospital and medical expenses incurred by him as a result of an injury which he received in the course of his employment by the petitioner,

Grand Union Hotel Company. The petitioner, New Amsterdam Casualty Company, is the insurance carrier.

The respondent Lindemann was injured upon November 10, 1922. The employer disclaimed liability under the facts of the case and refused medical and surgical treatment to Lindemann. He was forced to go to a hospital, therefore, upon his own account and under the care of his own physician. On November 24, 1922, he filed his application with respondent Commission for adjustment of his claim under the Workmen's Compensation, Insurance and Safety Act. Hearing was had upon December 19, 1922, at which time the following stipulation was entered into: "That the employer neglected and refused seasonably to provide surgical and hospital treatment necessary to cure and relieve the employee. That in the event the insurance carrier is found chargeable for the medical expenses incurred by or on behalf of the employee, the reasonable cost of the medical services may be determined by the filing of itemized bills for such services and the submission of the same to the Medical Department of this Commission."

A further hearing was had January 17, 1923, at which time the case was submitted for decision. On March 7, 1923, certain bills for medical services were filed in evidence, pursuant to the foregoing stipulation, to fix the amount of medical expenses incurred prior to March 6, 1923. Up to that time no surgical operation had been performed. On May 12, 1923, the Commission entered its decision in applicant's favor, allowing him compensation benefits for his injury and awarding him the amount of the medical expenses shown by the bills filed with the Commission.

Up to this point the record does not disclose that any evidence was before the Commission of a surgical operation upon Lindemann. Some days after the award, however, Lindemann's attorney sent a letter to the Commission stating that Lindemann had submitted to such an operation upon March 27, 1923, and inclosing hospital and physician's bills covering the same with a request that an allowance be made to Lindemann therefor. Thereupon, the matter was set for further hearing, testimony was taken and the matter was submitted for decision upon the allowance of such supplemental medical expense. On Aug-

ust 30, 1923, the Commission denied Lindemann an allowance for such supplemental expenses, basing its holding upon the case of *Georgia Casualty Co.* v. *Industrial Accident Com.*, 177 Cal. 289 [170 Pac. 625]. A petition for rehearing was granted upon the request of Lindemann and the Commission allowed such supplemental expenses to Lindemann, which allowance is contained in the order sought to be reviewed here.

The only question presented by the petitioners is whether or not the above-mentioned order is within the grant of continuing jurisdiction conferred upon said Commission by section 20 (d) of the Workmen's Compensation, Insurance and Safety Act.

In making its supplemental order the commission relied upon the case of *McBride* v. *Industrial Accident Com.*, 182 Cal. 407 [187 Pac. 1050]. The petitioner herein, however, differentiates that case from the present one by pointing out that in the McBride case the Commission had expressly reserved its award for medical and surgical treatment to which it found the claimant entitled, pending the procuring of the necessary information and vouchers for a supplemental award. That case is not precisely in point here, nor is the case of *National Engineering Corporation et al.* v. *Industrial Accident Com.*, 193 Cal. 422 [225 Pac. 2], which is also relied upon by the Commission.

[1] However, it is settled that where an employee is awarded benefits under the Workmen's Compensation, Insurance and Safety Act and later requires surgical treatment for the relief of his injury, the Commission possesses continuing jurisdiction under section 20 (d) of said act to enter its supplemental award or order, allowing him such treatment as he may need and also such further disability compensation as he may be entitled to by reason of the change in his condition, the recurrence of disability following his entry into the hospital. (Sec. 20 [d], Workmen's Compensation, Insurance and Safety Act; *Georgia Casualty Co.* v. *Industrial Accident Com.*, 177 Cal. 289 [170 Pac. 625]; *Union Iron Works* v. *Industrial Accident Com.*, 190 Cal. 33 [210 Pac. 410]; *Western Indemnity Co.* v. *Industrial Accident Com.*, 191 Cal. 418 [216 Pac. 611]; *Miller Creamery et al.* v. *Industrial Accident Com.*, 66 Cal. App. 404 [226 Pac. 402].) [2] We think Lindemann's entry

into the hospital for the purpose of submitting himself to a surgical operation constituted a change in circumstances or a new development in his situation contemplated by section 20 (d) of said act.

It is true that in the present case the change in circumstances occurred after the submission of the case to the Industrial Accident Commission for decision, but before said decision was actually reached, and at the time of the decision the Commission was unaware of the fact that a surgical operation had been performed, and no evidence regarding the same had been offered to said Commission, and could not have been offered because the hearing was concluded before the operation occurred. This brings us to the precise point specially involved in the instant case, which is whether the date of the actual decision or the date of the submission of the cause should be taken as the date foreclosing the applicant. The language in the case of *Georgia Casualty Co.* v. *Industrial Accident Com., supra,* relied upon by petitioners herein, is not controlling here because this question was not involved in that case and it is apparent that it was not given any consideration therein. [3] It seems obvious that the findings of the Commission can settle questions, logically, only as of the date of the submission of the same. Any other rule would be grossly unjust, demanding proof of conditions in advance of their existence. An applicant cannot offer evidence of matters and things which affect his employer's liability if they occur after he has completed his proof. [4] If, perchance, a case should not be decided by the Industrial Accident Commission for weeks after the evidence was offered and the case submitted for determination, this fact should not work to the disadvantage of an applicant by denying him the right to prove changes in his physical condition occurring between the time of the submission of his cause and the decision of the Industrial Accident Commission. [5] By analogy, we find support for our view in the settled rule in this state that the issues in a case refer to the beginning of an action and that matters occurring *pendente lite* cannot be put in evidence and are not adjudicated by the judgment unless brought before the court by a supplemental pleading. (1 Freeman on Judgments, sec. 329; *Peoples Savings Bank* v. *Hodgson,* 64 Cal. 95 [27 Pac. 938]; *Me-*

*tropolis Trust and Savings Bank* v. *Barnett*, 165 Cal. 449 132 Pac. 883].)

[6] It is true, of course, that supplemental awards may not be used for the purpose of correcting errors in the original ward (*Georgia Casualty Co.* v. *Industrial Accident Com., supra; McBride* v. *Industrial Accident Com., supra*), and if the expenses in dispute here had been incurred prior to the submission of the case to the Industrial Accident Commission, but, nevertheless, through error, said Commission had failed to make an allowance therefor, or if applicant had neglected to prove such expenses before the Commission, although they had occurred prior to the date of the hearing, no supplemental award could have accomplished the purpose of correcting the error. But in the present case, the decision having reference only to the facts as they existed at the date of the submission of the case to the Industrial Accident Commission, the expenses incurred later and the conditions which occurred later making such expenses necessary constituted such a change in the situation of the injured man as to empower the Commission to do justice by him under the provisions of section 20 (d) of the act. Any other construction of the act would be contrary to its spirit and would result in hardship and injustice to an applicant without fault on his part.

The writ is discharged and the award affirmed.

Nourse, J., and Sturtevant, J., concurred.