[Civ. No. 5227. First Appellate District, Division One.—July 25, 1925.]

## S. G. HINDES et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and EMIL NASTA, Respondents.

[1] WORKMEN'S COMPENSATION ACT—CORRECTION OF ERRORS—SUPPLEMENTAL AWARDS.—Supplemental awards of the Industrial Accident Commission may not be used for the purpose of correcting error in the original award.

[2] ID.—SUPPLEMENTAL AWARD—CONTINUING JURISDICTION—CERTIORARI —EVIDENCE.—The Industrial Accident Commission retained a continuing jurisdiction under section 20d of the Workmen's Compensation Act to alter or amend an original award allowing compensation to an employee for an injury resulting in a strain to the sacroiliac joint in the sacrum, by making a supplemental award that the sacroiliac strain had resulted in further and recurrent disability, independently of paralysis which occurred a few weeks after the injury, notwithstanding that that part of the original award which denied compensation for paralysis had become final, where there were two conditions involved upon the original hearing, viz., the original injury and the sacroiliac strain resulting

---

1. Right and extent of review of findings of commission under Workmen's Compensation Acts, note, L. R. A. 1917D, 187.

therefrom and the paralysis immediately following, and the evidence, upon which the supplemental award was based, showed that new facts had arisen justifying the inference that a fall suffered by the employee and consequent injury therefrom were due to weakness resulting from the sacroiliac strain.

(1) C. J., p. 132, n. 76.    (2) C. J., p. 132, n. 76.

PROCEEDING in Certiorari to annul a supplemental award of the Industrial Accident Commission allowing compensation. Award affirmed.

The facts are stated in the opinion of the court.

R. P. Wisecarver and Redman & Alexander for Petitioners.

Warren H. Pillsbury and Geo. C. Faulkner for Respondents.

TYLER, P. J.—*Certiorari* by which petitioners seek to have set aside and annulled an award of the Industrial Accident Commission, upon the ground that the Commission in entering the same acted without and in excess of its powers and that the findings and award are unreasonable; that the evidence does not sustain the findings of fact and that such findings do not support the award.

It is admitted that petitioners' statement of the facts are in all material essentials correct. It appears therefrom, in substance, that by an application dated July 10, 1922, the respondent Emil Nasta applied for a hearing before the Industrial Accident Commission upon a claim wherein he asserted that on the fifth day of May, 1922, he was injured in a task arising out of and in the course of his employment for petitioner S. C. Hindes. Thereafter hearings were regularly had before the Commission from which the following facts appeared: That on or about May 5, 1922, Nasta, while working for Hindes, sustained a strain of the sacroiliac joint in the sacrum; that he was under the care of doctors for a period of sixteen days; that he awoke one morning and found his lower limbs paralyzed. Nasta had previously, in 1920, suffered from an illness extending from the lumbar region of the spine to the lower extremities which caused him pain and numbness with consequent disability for a period of six months. X-rays taken at that time showed

a vertebral anomaly in the nature of a wedge-shaped verte-
bra. Subsequently Nasta had recovered the function of his
legs and had been working up to the time of the strain of
the sacroiliac joint on May 5, 1922. The medical evidence
upon the original hearing herein, relating to the paralysis
suffered by Nasta, was conflicting. There was, however,
evidence to show that it was in nowise connected with nor
caused by the strain of the sacroiliac joint on May 5, 1922;
that it was of spinal cord origin caused by disease affecting
that member, the exact nature of which could not be deter-
mined without an operation exposing the same, but it prob-
ably was related to and caused by the same disease origi-
nating in the illness of 1920.

In accordance with this medical evidence the Industrial
Accident Commission made and filed its findings of fact and
award under date of October 16, 1922, wherein it was held
that the disability caused by the strain of May 5, 1922, was a
temporary one only and entitled the applicant to compensa-
tion for four weeks of disability amounting to three weeks of
indemnity at $20.83 a week, a total of $62.49. This tempo-
rary disability ended on June 2, 1922. The Commission fur-
ther found that about two weeks after the injury the em-
ployee developed a paralysis of the legs caused by some ·
obscure spinal trouble. It also found that such spinal dis-
ease was not caused by the injury and no compensation was
allowed for the paralysis, but only for the period the em-
ployee was presumably disabled as a result of the back
strain directly.

Within twenty days after this conclusion by the Commis-
sion, Nasta filed a petition for rehearing. On December 18,
1922, his petition was granted.

Thereafter, upon proceedings regularly had, further medi-
cal testimony was taken upon the question of paralysis.
There was a sharp conflict in this evidence. Some of the
experts were of the opinion that the suffered strain could
have caused a hemorrhage into the spinal cord which would
account for the paralysis. Others were of a contrary opin-
ion, as they testified that the condition of Nasta showed that
his ailment was strictly of systematic origin not arising from
injury.

With this evidence before it the Commission subsequently
and on the twenty-sixth day of February, 1924, made and

filed its findings of fact and decision. It found as upon the first hearing, that the applicant had sustained an injury in the course of and arising out of his employment consisting of a strain of the right sacroiliac joint; that about two weeks after this injury he developed paralysis of the legs caused by some obscure spinal trouble. The Commission accordingly determined that such spinal disease and the paralysis of the legs was not caused by the injury and that no compensation was due for such paralysis, but only for the period the employee would presumably have been disabled as a result of the back and sacroiliac strain, which was fixed at three months from the date of the injury. An award was accordingly made for the sum of $252.94 to cover this period of temporary disability due to the strain. This amount was paid to the applicant by the defendant insurance carrier.

No petition for a rehearing was made to this decision within the twenty days prescribed by the Workmen's Compensation Act, nor was any petition for writ of review made to an appellate court therefrom within thirty days and the decision became final March 28, 1924.

Seven months thereafter, on the thirty-first day of October, 1924, Nasta filed with the Commission a petition for reopening of his case under section 20(d) [Stats. 1917, p. 850], wherein it was set forth that the injury suffered by him had become permanent and should be treated as a ''permanent disability.''

Defendants appeared and contested the jurisdiction of the Commission, setting forth that no appeal or other proceedings had been initiated by the applicant within the time allowed by law and that the matter had therefore become *res judicata;* that the condition from which the applicant suffered having been held to be noncompensable it was immaterial whether it was ''permanent'' or ''temporary'' in character and that the decision was final.

Thereafter hearings were held before the Commission upon the application where it appeared, according to evidence produced by the applicant, that about January, 1924, Nasta had burned his left foot and that he had been confined to his home by reason thereof until the latter part of May, 1924. That, although still totally disabled from work due

to his paralysis, he became ambulatory about the latter period and visited the office of the Commission, at which time he discussed the case with its medical director. That by reason of this use of his leg, he broke a blister on his left foot and was again confined to his home until approximately September 7, 1924, when he began to get around. That previously, by the use of a foot-brace stabilizing his lower extremities, he had been able to shuffle about, notwithstanding his paralysis. That the brace which he used to correct his right "foot drop" had worn out and that he had discarded it. That on or about September 15, 1924, he visited the University of California Hospital Clinic to consult doctors as to what might be done for the pain and weakness of his right leg, and while going down a stairway, using a cane to aid him in his progress, he fell and strained and wrenched his right side.

The applicant further testified that he had been troubled with this pain and weakness in his back and leg ever since the original accident and that while his condition was improved and he was getting better while he remained in bed, when he had commenced to walk around and visit the clinic the pain and weakness again returned and at the time of his fall he had not slipped, but his leg had buckled up or given way under him.

After this hearing and on February 3, 1925, the Commission made and filed a supplemental award wherein it was found that the original injury and the sacroiliac strain resulting therefrom had resulted in further and recurrent disability independently of the paralysis and allowed compensation in the sum of $20.83 a week beginning September 15, 1924, and continuing indefinitely thereafter until the termination of said disability or the further order of the Commission.

Within twenty days thereafter defendants petitioned for a rehearing upon the same grounds as are here urged. They claimed that the applicant's condition is one of progressive paralysis; that the injury due to the fall was not therefore an industrial injury but was a new and separate one in nowise compensable and for which, in any event, the employer and his insurance carrier could not be held liable. That the Commission was without power to rate the condi-

tion as a permanent one for the paralysis, nor was it empowered to give compensation for any temporary disability due either to the paralysis or the fall. That the fall was due to the weakened condition of the right leg which was caused by paralysis which the Commission had previously held to be noncompensable.

That the Commission had therefore no authority to reopen the case as the evidence shows that there is no new development of the compensable injury present but only a progression of the paralytic symptoms caused by the spinal cord disease.

The application was denied.

There is no question but that the original award wherein the Commission found the paralysis from which the applicant is suffering to be noncompensable has become final and that the Commission therefore was without authority to reconsider the case or make an award based upon this ailment. (*Georgia Casualty Co.* v. *Industrial Acc. Com.,* 177 Cal. 289 [170 Pac. 625]; *McBride* v. *Industrial Acc. Com.,* 182 Cal. 407 [187 Pac. 1050].)  [1]  Supplemental awards may not be used for the purpose of correcting error in the original award. (*Grand Union Hotel* v. *Industrial Acc. Com.,* 67 Cal. App. 123 [226 Pac. 948].)

[2]  The jurisdiction of the Commission to make an award due to the applicant's paralysis was exhausted. But it must be remembered that there were two conditions involved in petitioner's case upon the original hearing, viz., the original injury and the sacroiliac strain resulting therefrom and the paralysis immediately following.

The Commission has only determined by the supplemental award that the sacroiliac strain has resulted in further and recurrent disability independently of the paralysis.

As to this injury the Commission retained a continuing jurisdiction to alter or amend its award under section 20d of the act.

The evidence as above narrated shows that new facts have arisen since the making of the award which relate to this particular injury. It shows that the applicant suffered from a fall and in our opinion it justifies the inference that the fall and consequent injury was due to the weakness result-

ing from the sacroiliac strain and is sufficient to support the award.

This being so, the finding of the Commission is just as conclusive upon this question as was its former finding, upon conflicting evidence, that the paralysis which followed so closely upon the original injury was not due to the injury, and therefore noncompensable.

The award is affirmed.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 24, 1925, and a petition by petitioners to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 21, 1925.