[Civ. No. 5699. Second Appellate District, Division One.—July 1, 1927.]

E. RODRIGUEZ, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

S. Santilli and B. A. Hayne for Petitioner.

G. C. Faulkner for Respondents.

CONREY, P. J.—On December 23, 1924, petitioner sustained injuries and resulting disability, for which he filed claim for compensation against his employer and its insurance carrier.

On October 28, 1925, an award was made by the Commission granting to applicant compensation on a basis of temporary total disability, and providing for weekly payments to continue until the termination of the disability or until the further order of the Commission.

On August 13, 1926, the insurance carrier filed petition for order terminating disability as of November 5, 1925. After a hearing and evidence received, the Commission on January 3, 1927, made its order amending the former award, so that petitioner be allowed compensation as for partial disability on November 6, 1925, and until further order. On petition by the insurance carrier for a rehearing, that petition was granted and on March 18, 1927, the Commission on the same evidence theretofore received amended its award, so as to deny compensation from December 5, 1925, to November 12, 1926, but to allow compensation as for partial disability from November 12, 1926, until further order of the Commission. A rehearing after this last amendment to the award was demanded by petitioner and was denied. Thereupon, he filed this petition for a writ of review.

It thus appears that the principal subject matter of petitioner's complaint is that he was denied any compensa-

tion for the period extending between November 6, 1925, and November 12, 1926. The evidence as set forth in the petition herein, as contained in the report of Dr. Phillips, which was received as evidence in the proceeding, was sufficient to support a finding that the disability had ceased on November 6, 1925. Dr. Phillips stated as the result of his examination on that date that the patient had apparently recovered entirely from the effects of the injury and in the opinion of the physician was able to do his former work. Nevertheless, from the evidence produced at the later hearing, there was found to exist on November 12, 1926, a partial disability resulting from some renewal of the pathological symptoms resulting from the original injury. We cannot say that there is any inconsistency between these contrasting facts which would require us to hold that there necessarily was any disability during the intervening period for which compensation has been denied.

In addition to his contention that the evidence is insufficient to support the amendment to the award, counsel for petitioner contends that since the petition of the insurance carrier to terminate disability as of November 5, 1925, was not filed until August 13, 1926, that therefore the Commission was without authority to deprive him of that part of the compensation previously awarded and which by the terms of the original award had accrued on August 13, 1926. It seems, however, that under the provisions of section 20 (d) of the Workmen's Compensation, Insurance and Safety Act of 1917 (Stats. 1917, p. 850), the Commission at the time of the amendment to the award had authority upon good cause appearing therefor to increase, diminish, or terminate the award granted by its prior order. (*National Engineering Corporation* v. *Industrial Acc. Com.*, 193 Cal. 422 [225 Pac. 2]; *Miller Creamery* v. *Industrial Acc. Com.*, 66 Cal. App. 404 [226 Pac. 402].) This being so, there is no apparent reason against application of this authority so that it shall relate to the very time when, under the facts, the change in rating should have been made.

The petition for writ of review is denied.

Houser, J., and York, J., concurred.