## VIETTI v. CROWE COAL CO. et al.

No. 18596. Opinion Filed Oct. 16, 1928.

E. C. Marianelli, for petitioner.

Lydick, McPherren & Jordan, Con Murphy, Jr., and H. O. Roberts, for respondents.

HEFNER, J. This is an original action filed by Joe Vietti, petitioner, to review an order of the State Industrial Commission denying him additional compensation. Petitioner was injured on November 16, 1922, while in the employ of the Crowe Coal Company. On a hearing before the Commission soon after the injury he was allowed compensation at the rate of $18 per week for 166 weeks and 4 days from the beginning of his disability. Pursuant to the testimony taken at a hearing before the Commission on

February 5, 1926, an order was made by the Commission discontinuing the compensation, and the Commission specifically adjudged that claimant's disability was attributable to a diseased condition and that there was no causal connection between said diseased condition and the injury theretofore sustained by claimant. This judgment became final.

On April 3, 1927, the petitioner filed a motion to reopen the cause and award further compensation on the ground of a change in condition. The allegations in this motion dealt with the question of loss of motion in back, increased bony accumulation and deposit in the spine and rigidity of the spine. These were substantially the same grounds that were relied upon at the time the order of February 5, 1926, was made discontinuing the compensation. On June 29, 1927, the motion to reopen the case was heard by the Commission, and the respondent and insurance carrier filed their plea to the jurisdiction of the Commission to reopen said case. The jurisdiction question involved the authority of the Commission to hear any evidence in support of the motion to reopen for the reason that the judgment of the Commission had become final. The Commission overruled the plea to the jurisdiction, heard the evidence, and at the conclusion of the hearing the respondent and the insurance carrier demurred to the evidence introduced on behalf of the petitioner on the ground that the Commission on February 5, 1926, entered an order finding that petitioner's disability was due to disease and not to injury; that said order had become final and binding upon all parties thereto; that subsequent to the hearing upon which the order was made on February 5, 1926, the petitioner filed a motion, at which time he alleged a change in condition; that said motion was denied on order of the Commission on March 31, 1926, which had become final; that the testimony adduced at this trial wholly failed in any manner to show any change in condition subsequent to March 31, 1926.

The Commission announced its ruling on the demurrer in the following language:

"The State Industrial Commission, with all the facts fully before it, made an order in this case on the 5th of February, 1926, in which they found that the disability of the claimant resulting from an accidental injury sustained on November 16, 1922, had ceased and that any disability from and after that time was the result of a diseased condition and not the result of an injury. As I said, the Commission made that finding and an order in accordance with the finding, with all the facts in the case fairly before them. That order is, or should have been, final and binding on all of the parties. However, the Commission has, I will say, favored the claimant in that they have considered motions to reopen the case filed subsequent to the order of February 5, 1926, and have on this date granted claimant a hearing on his motion to reopen on a change in condition. If the Commission were to hold that the testimony introduced at this hearing was sufficient to warrant or authorize an order granting additional compensation, I can easily see, or think I can, the result. It is my opinion that the testimony introduced has been largely a reiteration and a recount of the testimony introduced before the Commission on which the order of the Commission was made February 5, 1926, and it is my opinion that this testimony is insufficient to prove a change in condition or that the claimant is entitled to further compensation by reason of an injury sustained on November 16, 1922. The demurrer is sustained."

The facts and circumstances involved in the case of Hindes v. Industrial Accident Commission (Cal.) 239 Pac. 339, were very similar to the facts and circumstances in the instant case. In that case the court said:

"With this evidence before it, the Commission subsequently and on the 26th day of February, 1924, made and filed its findings of fact and decision. It found, as upon the first hearing, that the applicant had sustained an injury in the course of and arising out of his employment, consisting of a strain of the right sacroiliac joint; that about two weeks after this injury he developed paralysis of the legs, caused by some obscure spinal trouble. The Commission accordingly determined that such spinal disease and the paralysis of the legs was not caused by the injury, and that no compensation was due for such paralysis, but only for the period the employee would presumably have been disabled as a result of the back and sacroiliac strain, which was fixed at 3 months from the date of the injury. An award was accordingly made for the sum of $252.94, to cover this period of temporary disability due to the strain. This amount was paid to the applicant by the defendant insurance carrier.

"No petition for a rehearing was made to this decision within the 20 days prescribed by the Workmen's Compensation Act, nor was any petition for writ of review made to an appellate court therefrom within 30 days, and the decision became final March 28, 1924. Seven months thereafter, on the 31st day of October, 1924, Nesta filed with the Commission a petition for reopening of his case under St. 1917, p. 850, sec. 20 (d), wherein it was set forth that the injury

suffered by him had become permanent and should be treated as a 'permanent disability.' Defendants appeared and contested the jurisdiction of the Commission, setting forth that no appeal or other proceedings had been initiated by the applicant within the time allowed by law, and that the matter had therefore become res judicata; that, the condition from which the applicant suffered having been held to be noncompensable, it was immaterial whether it was 'permanent' or 'temporary' in character, and that the decision was final. * * *

"There is no question but that the original award, wherein the Commission found the paralysis from which the applicant is suffering to be noncompensable, has become final, and that the Commission therefore was without authority to reconsider the case, or make an award based upon this ailment."

The findings of fact made by the Commission upon disputed questions of fact are final and will not be reviewed by this court if there is any evidence upon which to base the judgment.

The record discloses that in March, 1926, petitioner filed a motion to reopen and award further compensation alleging as grounds therefor substantially the same conditions which are set up in the motion filed April 3, 1927.

The power to review an award on the ground of a change in condition is limited to changes in condition subsequent to the last order and changes which embrace conditions not theretofore passed upon or decided by the Commission. In determining a motion to reopen on the ground of a change in condition the Commission must of necessity consider the entire record in the case, including all former orders and awards. The Commission found that the testimony failed to show any change in condition since the last order was entered discontinuing compensation. In this we think the Commission was correct.

The judgment of the Commission is therefore affirmed.

All the Justices concur.