## ST. LOUIS, I. M. & S. R. CO. v. CANTRELL.

No. 6335—Opinion Filed March 20, 1917.

(164 Pac. 110.)

(Syllabus by the Court.)

**1. Carriers—Negligence—Injury to Licensee—Liability.**

Where a constable, with the express permission of the employe of a railroad company, whose duty is to assist passengers to alight from and to board its passenger train, goes upon said train for the purpose of arresting and taking therefrom persons charged with the commission of a felony, the company is bound to hold its train a reasonable length of time to permit him to make such arrest and alight therefrom, and to exercise ordinary care for his safety, and if such officer is injured by reason of the negligent failure of the railroad company to exercise ordinary care for his safety, the company will be liable in damages for any injuries resulting from such negligence.

**2. Damages—Expert Testimony—Permanent Injury.**

Where the evidence shows that plaintiff's right arm, side, and leg had been bruised and injured and partially paralyzed, and at the time of the trial his arm and leg are useless, and the effect of his injuries in disabling him from manual labor are stated by him. the jury can judge whether and to what extent he will be permanently disabled, and the testimony of physicians as to the permanent impairment of his ability to labor is not, of necessity, required to enable him to recover for permanent disability.

**3. Appeal and Error—Affirmance—Statutory Provision.**

Record examined, and held that no prejudicial error, depriving defendant of any constitutional or statutory right, having occurred and the trial having resulted in substantial justice, the judgment is affirmed.

Error from District Court, Sequoyah County; John H. Pitchford, Judge.

Suit by C. A. Cantrell against the St. Louis, Iron Mountain & Southern Railway Com-

pany. Judgment for plaintiff, and defendant brings error. Affirmed.

Thomas B. Pryor and W. L. Curtis, for plaintiff in error.

T. F. Shackelford, Roy Frye, and Joe Bailey Allen, for defendant in error.

HARDY, J.   C. A. Cantrell, as plaintiff, sued the St. Louis, Iron Mountain & Southern Railway Company as defendant, for damages alleged to have been caused by the negligence of the defendant, as will hereinafter appear. The parties will be referred to as they appeared in the trial court.

Plaintiff was constable of district No. 5, Campbell township, in Sequoyah county, and about the 15th of November, 1912, went to the depot of defendant in the town of Gore to meet a train, which was due at such station at 9:54 p. m., for the purpose of searching the same and apprehending two persons for whom he had a warrant of arrest, charging them with the crime of larceny. Upon the arrival of the train, plaintiff notified the employe of defendant who was assisting the passengers to alight that he had a warrant and of his purpose to board the train and requested such employe to hold the train until he could search it, to which the employe assented. After the passengers had alighted plaintiff went aboard the train for the purpose of searching it, when it was almost immediately started up. After completing his search, in attempting to alight, plaintiff fell and was injured.

The principal question presented is based upon the instructions given by the court and in refusing certain requests by defendant, defining the duty owing by defendant to plaintiff under the circumstances. Defendant objected to the introduction of any evidence under the petition, and demurred to the plaintiff's evidence at the close thereof, and requested the court to instruct a verdict in its favor, and duly excepted to instructions given, defining the measure of duty owing by it to plaintiff, and reserved exceptions to the refusal of the court to give certain requests offered. It is the contention of defendant that the circumstances show that plaintiff was a trespasser or, at most, a mere licensee, and that the measure of its duty to him was to refrain from wanton and willful injury, while it is the contention of plaintiff, and the jury were so instructed by the court, that defendant owed to plaintiff the duty to exercise ordinary care to avoid injury to him. In support of defendant's contention it is argued that the warrant under which plaintiff was acting was insufficient in law and that because the parties for whom he was searching had not committed an offense in his presence, he was not entitled to make an arrest without a warrant. We deem it unnecessary to discuss this question, for the reason that plaintiff's presence upon the train was with defendant's knowledge and permission and in accordance with an agreement to hold the train until he could make search and disembark. In the discharge of his duty as an officer, he was authorized to arrest persons whom he had reasonable grounds to believe had committed a felony, and who were seeking to escape upon defendant's train, without a warrant (section 5654, Rev. Laws 1910), nad in entering said train for that purpose he was not a trespasser.

In Creeden v. Boston, etc., R. Co., 193 Mass. 280, 79 N. E. 344, 9 Ann. Cas. 1121, which is relied upon by defendant as supporting its contention, the facts were that plaintiff's intestate, who was an officer, on the night of the accident had entered a train of defendant to look for persons whom he had reason to believe were criminals and were escaping from the city; that he found one of such persons on the train, and left the train, which had stopped on a bridge across the Merrimac river, together with the person he had arrested; that when on the bridge and making his way towards the station, plaintiff's intestate hit his foot against a projecting plank on the bridge and fell to the street and was killed. The court held that deceased was at most a mere licensee, and that the company was not liable. Attention was called to the fact that the petition contained no allegation that plaintiff's intestate entered the train for the purpose of serving a warrant for the arrest of any person whom he believed to be there, nor that he had reasonable ground to believe that a breach of the peace or other crime was committed thereon, nor that there were upon said train persons who had committed an offense for which it was lawful to make an arrest without a warrant. The facts in that case are so dissimilar to the facts here that we do not regard it as controlling. Here plaintiff had a warrant for the arrest of certain persons charged with the commission of a crime; and, while the warrant is conceded not to be legally sufficient, that is a question of which the defendant cannot take advantage; but if this be not true, the evidence shows that plaintiff informed defendant's employe that he desired to go aboard the train and arrest two persons charged with the commission of a felony, and that said employe consented that he might do so, and agreed to hold the train until it could be searched and plaintiff could alight therefrom.

In a number of cases it has been held that a police officer who, in the discharge of his

duties, enters a building in the nighttime for the purpose of inspecting the premises, and who falls down an unguarded elevator well which is required by ordinance to be protected, is, in such cases, rightfully upon the premises, and that the duty imposed upon the master to protect elevator wells, hoistways, and similar openings is intended for his benefit, as well as other persons rightfully entering the premises, and for a failure of the owner to properly protect such openings resulting in injury to the officer, he is entitled to recover (Parker v. Barnard et al., 135 Mass. 116, 46 Am. Rep. 450; Learoyd v. Godfrey, 138 Mass. 315; Ryan v. Thomson, 38 N. Y. Super Ct. 133; Racine v. Morris et al., 201 N. Y. 240, 94 N. E. 864); and under similar conditions it has been held that a customs or revenue officer, who is required by his duties to go upon the premises of another and while there suffers injury by reason of the defective condition of the premises resulting from the negligence of the owner, is there by the implied invitation of the owner. and is entitled to recover for damages occasioned by the injuries resulting from such negligent condition (Anderson & Nelson Dis. Co. v. Hair. 103 Ky. 196, 44 S. W. 658; Luddington v. Miller, 36 N. Y. Super. Ct. 1.; Wilson v. Union Works Dry Dock Co.. 167 Cal. 539, 140 Pac. 250, 51 L. R. A. [N. S.] 361).

Where a quarantine guard whose duty it is to prevent unauthorized persons from passing a "quarantine line" across railroad tracks was injured by the negligence of the railroad company within a few feet of the line, and where the company knew of his presence, the jury are authorized to find that he was upon the premises of the defendant by invitation or right (Louisville & N. R. Co. v. Goulding, 52 Fla. 327, 42 South. 854), and where employes of a city are required by their duty to go upon the premises of another in the performance of certain duties imposed upon them, such employes are entitled to maintain an action for damages resulting from injuries occasioned by the negligent failure of the owner to keep his premises in a reasonably safe condition (Finnegan v. Fall River Gas Works Co., 159 Mass. 311, 34 N. E. 523; Toomey v. Sanborn, 146 Mass. 28, 14 N. E. 921); and, in a case where a street car company, by arrangement with the post office department, collected mail in boxes attached to its cars to be taken therefrom at its barn by a postal carrier, it was held that such street car company was bound to provide safe access to such cars, and that a postal carrier upon the premises for the purpose of taking therefrom mail which had been collected by the street car company, and who was injured by reason of the negligent failure of the street car company to discharge its duty in

this respect, was entitled to recover for his injuries. Young v. People's Gas & Elec. Co., 128 Iowa, 290, 103 N. W. 788.

A rule which is applied to a state of facts more nearly analogous to those presented than any which we have cited is that, where a person goes upon a train in conformity with a practice adopted or acquiesced in by a carrier, for the purpose of rendering assistance to a passenger; and in such cases this court has held that the carrier, in permitting such person to enter with knowledge of his purpose, is presumed to agree that he may execute it and is bound to hold the train a reasonable time therefor, and that if such person is injured by reason of a sudden starting of the train or the omission to give the customary signals, the carrier will be liable. St. L. & S. F. R. Co. v. Lee, 37 Okla. 545, 132 Pac. 1072, 46 L. R. A. (N. S.) 357; C., R. I. & P. R. Co. v. McAlester. 39 Okla. 153, 134 Pac 661; St. L. & S. F. R. Co. v. Isenberg, 48 Okla. 51, 150 Pac. 123.

The employe from whom plaintiff obtained permission to enter the train was the flagman, to whom was intrusted the duty of seeing that all passengers had safely alighted and those intending to depart had entered the cars; and it appears from the evidence of the conductor that he always permitted officers, when known to be such, to enter and search his train for persons charged with crime, who were supposed to be thereon. The flagman was requested by plaintiff to permit him to enter the train for the purpose of searching it, and he gave his consent thereto. After all the passengers had alighted plaintiff boarded the train, and within about a minute thereafter the flagman gave the signal to the conductor to start. We believe the facts of this case bring it within the rule applied in the cases where a person goes aboard with the consent of the carrier for the purpose of assisting a passenger, and that under the circumstances, irrespective of plaintiff's right as an officer to make the search, where defendant agreed that he might board the train and search same, it was its duty to hold the train a reasonable time therefor, and to permit plaintiff to alight, and that if plaintiff was injured by reason of the sudden starting of the train or of the omission of the defendant to give the customary signals that the train was about to start, defendant would be liable. The question of contributory negligence was a question of fact for the jury, and was properly submitted to them by instructions which were not excepted to; and, having been so submitted and determined against plaintiff, we will not disturb the verdict.

The petition alleged that plaintiff was injured by receiving a great gash in his head over the right ear, that his right arm, side, and leg were bruised and injured and partially paralyzed, and that his hearing had been greatly damaged, and that he had been rendered almost totally deaf. The evidence upon the part of the plaintiff reasonably tended to prove these allegations. Exceptions were taken to the instructions defining the measure of damages upon the ground that there was no evidence authorizing the submission to the jury of certain items of recovery therein enumerated. The proof was that plaintiff was a farmer 39 years of age, and that previous to the accident he was in good physical condition, and was an able-bodied man. It showed, however, that he had been suffering somewhat from impaired hearing, for which he had been treated by a physician at Muskogee. At the time of the trial his right arm, side, and leg were paralyzed to such an extent that they were almost entirely useless, and the sense of hearing in his right ear was almost totally destroyed. The verdict of the jury was for $600. Since the appeal has been filed in this court, plaintiff has died, but whether as a result of the injuries received does not appear. It having been shown that plaintiff's arm, side, and leg had been rendered useless by the accident, and the sense of hearing in his right ear greatly impaired, it was proper to instruct the jury to take into consideration, in estimating plaintiff's damages, his future inability to attend to his usual business or to perform the kind of labor to which he was fitted. Fisher et al. v. Jansen, 128 Ill. 549, 21 N. E. 598. The character and extent of his injuries were described by him and by a physician, and the effect thereof in disabling him from manual labor was also stated by him to the jury, and they were of such a character that the jury could judge whether and to what extent he would be permanently disabled, and while Dr. Eichling expressed his opinion that the injuries were total and permanent, the testimony of physicians as to the permanent impairment of a person's ability to labor in a case of this character is not, of necessity, required to enable such person to recover for permanent disability. M., K. & T. R. Co. v. Fowler, 61 Kan. 320, 59 Pac. 648; 1 Joyce on Damages, sec. 248; 13 Cyc. 217.

There are various other assignments of error urged, some of which involve the ruling of the court upon a motion to make the petition more definite and certain, and others upon the admission of evidence. The ruling upon the motion to make more definite and certain, according to the view we take

of this case, is immaterial. The assignments based upon the action of the court in the admission of evidence do not set out the evidence with the specific objection thereto, as required by rule 25 (38 Okla. x, 137 Pac. xi), and therefore we will not consider them.

After an examination of the entire record we have reached the conclusion that substantial justice has been done, unless it be in the smallness of the verdict in plaintiff's favor, and that defendant has been deprived of no constitutional or statutory right, and that the errors alleged have not resulted in a miscarriage of justice, and the judgment is therefore affirmed. Section 6005, Rev. Laws. 1910.

All the Justices concur.