**BELL OIL & GAS CO. et al. v. STATE INDUSTRIAL COMMISSION et al.**

No. 13180—Opinion Filed Jan. 11, 1923.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation — Permanent Disfigurement — Evidence as to Amount of Damages.**
Where an employe suffers an injury resulting in permanent disfigurement of the head, and there is evidence showing the nature and extent of his injury, it is not necessary that direct evidence as to the amount of damages should be introduced in order to sustain an award of the commission.

2. **Same — Sufficiency of Evidence.**
Evidence examined, and held sufficient to sustain the award of the commission.

Error from the Industrial Commission.

Action by the Bell Oil & Gas Company and another to review award of workman's compensation to A. A. Lawhorn. Affirmed.

Twyford & Smith, for petitioners.

George F. Short, Atty. Gen., and Kathryn Van Leuven, Asst. Atty. Gen., for respondents.

COCHRAN, J. A. A. Lawhorn was made an award of $1,000 by the Industrial Commission under the provisions of section 9, subd. 3, of the Workmen's Compensation Act, which is as follows:

"In case of injury resulting in the loss of hearing or any serious or permanent disfigurement of the head, face, or hand, compensation shall be payable in an amount to be determined by the commission; but not in excess of $3,000."

The commission found that as a result of an accidental injury respondent lost eleven teeth and a portion of the jawbone, which left in permanent form certain scars. There was no evidence introduced fixing or attempting to fix any pecuniary value on the injuries sustained by the claimant, and petitioner contends:

"The action of the commission in fixing the amount of the damages without any evidence thereof is contrary to section 7, art. 2, of the Constitution of Oklahoma, and is contrary to the 5th and 14th amendments to the Constitution of the United States."

Numerous authorities are cited to the effect that a person shall not be deprived of his property without due process of law, and that this principle of due process of law will apply to proceedings instituted to determine the amount of damages to be paid for personal injury. The principle of law contended for by petitioner has been accepted by the court in the case of Flynn v. Ponca City Mining Co. et al., 71 Oklahoma, 177 Pac. 366, and if there were no testimony in the record upon which to base the finding of the commission as to damages sustained, the award of the commission would be erroneous.

The petitioner has incorrectly assumed that the commission fixed the amount of damage without any evidence being introduced, and states as follows:

"Proof of the amount to which claimant is entitled is usually made by showing the average wage of the claimant. In this case, however, the amount of the damage or award does not depend upon the wage previously received, but is to be determined by the commission. This the commission did not do, but merely arbitrarily fixed the damage without the introduction of evidence and

without permitting the petitioners here any opportunity to be heard on the point."

Inasmuch as the record shows the testimony taken by the commission and the representation of the respondent and the insurance carrier at that hearing, and the testimony shows in detail the extent of the injury and the disfigurement of the claimant, and also the examination of Dr. Smith showing the permanent disfigurement and extent of physical injury, the contention of petitioner is evidently based upon the failure to introduce any evidence placing a pecuniary value upon the injuries sustained. In 17 C. J. 869, we find the rule stated as follows:

"Paintiff is not limited in his recovery for specific pecuniary loss as to which there is direct proof, and it is obvious that certain of the results of a personal injury are insusceptible of pecuniary admeasurement, from which it follows that in this class of cases the amount of the award rests largely within the discretion of the jury, the exercise of which must be governed by the circumstances and be based on the evidence adduced, the controlling principle being that of securing to plaintiff a reasonable compensation for the injury which he has sustained. Such elements of damages may be considered by the jury without direct evidence as to their amount."

In C., S. L. & P. R. R. Co. v. Butler (Ind.) alson, 133 Ga. 231, the court said:

"It was proper for the jury to consider the nature and extent of appellee's injury, his mental and physical suffering, and the impairment of his ability to follow his usual vocation, although there was no direct proof as to the amount of such damages."

In Atlanta & West Point R. R. Co. v. Harralson, 133 Ga. 231, the court said:

"If the plaintiff seek to recover for pecuniary loss resulting from loss of time or permanent diminution of capacity to labor and earn money, he should introduce evidence on which to predicate such recovery; but it has been held in this state that permanent diminution of capacity to labor is for consideration of the jury in determining the amount of such recovery, along with evidence as to pain, suffering, disfigurement, or the like, although no pecuniary value is proved by the evidence."

In Poccardi v. Public Service Commission (W. Va.) 84 S. E. 242, L. R. A. 1916A, 299, it is said:

"Evidence that would sustain the verdict of a jury if one were rendered upon the proof before the compensation commission upon the fact of dependency, must be regarded as sufficient proof."

There is sufficient evidence in the record which would sustain the verdict of a jury for the amount of this award had the case been one to have been submitted to a jury, and, although no pecuniary value was placed by the witnesses on the injuries sustained, there was sufficient testimony from which the commission could make its award.

The petitioner further complains that the award was contrary to the express provisions of the Workmen's Compensation Act, in that the amount of the award was determined by a view of the injury and not from the evidence introduced from which the commission could determine the amount of the award. As stated above, the evidence of a physician and of the claimant was introduced, showing the extent of the injury, and the conclusion of the petitioner that the award was made upon a view of the injury and without evidence as to the amount thereof is not sustained by the record.

The finding of the commission that the injury resulted in the loss of eleven teeth and a portion of the jawbone, which left in permanent form certain scars, is a sufficient finding to consider this injury a permanent disfigurement of the head.

The award of the commission is affirmed.

HARRISON, C. J., and JOHNSON, McNEILL, MILLER, KENNAMER, and NICHOLSON, JJ., concur.