## LOFFLAND BROS. CO. et al. v. STATE INDUSTRIAL COM. et al.

No. 21901. Opinion Filed April 14, 1931.

Keaton, Wells, Johnston & Barnes and B. C. Davidson, for petitioners.

Murrah & Bohanon and M. F. Boddie, for respondents.

LESTER, C. J. This is an original action to review an award of the State Industrial Commission.

Ott Howell was made an award of $350 by the State Industrial Commission under the provisions of section 7290, C. O. S. 1921, subdivision 3, as amended by chapter 61, sec. 6, Session Laws 1923, which is as follows:

"In case of an injury resulting in the loss of hearing or in serious and permanent disfigurement to the head, face, or hands, compensation shall be payable in an amount to be determined by the Commission, but not in excess of $3,000."

The Commission found that as a result of an accidental injury respondent lost four teeth which left permanent forms of disfigurement. There was evidence introduced in the trial of this case before the Commission tending to show an additional disfigurement of facial expression by reason of the substituted teeth.

The respondent was present before the Commission and testified. The Commission viewed his actions, demeanor, and the injury, and on said evidence made the award in the amount of $350 on account of serious and permanent disfigurement of the head. These facts are clearly disclosed by the evidence in the record, and where there is competent evidence that tends to support the findings of the Commission, such findings are conclusive in this court. Merrick & Coe v. Modlin, 88 Okla. 83, 211 Pac. 510; Associated Employers' Reciprocal v. State Industrial Commission, 83 Okla. 73, 200 Pac. 862; Stasmas v. State Industrial Commission, 80 Okla. 221, 195 Pac. 762.

The petitioners further contend that the loss of four teeth and the replacement thereof by the dentist, and in view of the fact that the respondent did not lose any time, that this does not come within the purview of section 7290, supra. With this contention we cannot agree, and the petitioners in their brief at page 10 say:

"Under this statute, a large discretion is vested in the Commission, but there are limitations as expressed by the decisions in this and other states."

With this statement the petitioners practically agree that this is a very broad statute and a large discretion is vested in the Commission; however, it is not necessary to discuss this question at length; as this court has heretofore held adversely to the contention made by the petitioners. Bell Oil & Gas Co. v. State Industrial Commission, 88 Okla. 98, 211 Pac. 1042.

The award of the State Industrial Commission is, therefore, affirmed.

CLARK, V. C. J., and RILEY, HEFNER,

CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.