**CENTURY INDEMNITY CO. et al. v. TRAMMELL et al.**

No. 21715. Opinion Filed April 14, 1931.

H. C. Thurman and Byrne A. Bowman, for plaintiffs in error.

Edward Bynum and Alvin L. Agnew, for defendants in error.

HEFNER, J. This is an original action to review the order and award of the Industrial Commission. The award was for compensation for temporary total disability in the sum of $42 compensation and permanent disfigurement of claimant's upper lip in the amount of $100 and compensation for permanent disfigurement by reason of loss of and damage to certain of claimant's teeth in the amount of $400.

Four of claimant's front teeth were knocked out in the accident. They were replaced with enamel teeth between bridges. One of his teeth was broken off near the gums. It was filled and covered with a gold crown. Four of his teeth were slightly broken and they were crowned. All of the teeth were in the front of claimant's mouth. Four of them were uppers and five were lowers. Claimant testified that the gums shrunk away from the teeth leaving a place between the gums and the teeth and that one of the teeth thereafter came out. He testified that his lips felt like they were being pushed out by two of his front teeth and that his lips protruded a few fractions of an inch. He further testified that the protrusion affected his appearance and that it was considerably greater than before the accident. His testimony further showed that he was earning $7 per day at the time of his injury.

The assignments of error are discussed by the petitioners under two propositions and they are as follows:

"1. The Commission's findings that the claimant sustained permanent disfigurements were not supported by any evidence, and, if they were, the amounts awarded therefor were excessive.

"2. The Commission's finding that the average wage of the claimant was $7 per day, and its computations of the weekly compensation payable to him on that basis, are not supported by any evidence and are contrary to section 7289, C. O. S. 1921."

In answer to the first proposition we may say that the plaintiff without objection testi-

fied to his condition. The Commission examined his teeth and his injuries. It follows that we cannot say there was no evidence on which to base the finding. The extent of the injury is a matter left to the judgment of the Commission, and we cannot say from the record in this case that the award was excessive.

As to the second proposition, the claimant testified that he was receiving $7 per day at the time of the injury. It is contended that there is no evidence in the record as to what kind of work he did during substantially the whole of the year preceding his injury. When the claimant testified what he was receiving at the time of his injury, in the absence of any proof or showing to the contrary, we think the Commission was justified in making the award on the evidence submitted.

There being no errors to justify us in vacating the order, the prayer to vacate is denied.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.