## JOHN E. MABEE, Inc., et al. v. HERRING et al.

No. 21870.　Opinion Filed June 30, 1931.

H. C. Thurman and Byrne A. Bowman, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

HEFNER, J. This is an original proceeding in this court by John E. Mabee, Inc., and the Century Indemnity Company, its insurance carrier, to review an award of the State Industrial Commission, awarding compensation to W. R. Herring.

Claimant was employed by petitioner,

John E. Mabee, Inc., as rotary helper. The record discloses that, on July 14, 1930, claimant, while engaged in the course of his employment, was injured by being struck in the face, and was unable by reason thereof to do any work for a period of eight weeks. He was receiving as a wage $7 per day; he had worked for petitioner eight days prior to his injury. The Commission found that he received a temporary total disability for a period of eight weeks and allowed him compensation at the rate of $18 per week, or a total sum of $156, less any payments theretofore made, and in addition thereto awarded him the sum of $400 for serious and permanent disfigurement of his face.

Petitioners contend that there is a total lack of evidence to support the award for serious and permanent disfigurement.

Claimant testified that his lip was cut by the accident; that he lost four lower teeth and one upper tooth; that his teeth did not set even; that his lower jaw had receded in the middle front of his mouth; that his chin was set back; that his lower cheek had receded; and that the contour of his face had changed so that he could not talk like he did before the accident.

The evidence is sufficient to sustain the award in this respect. A like award under similar circumstances was sustained by this court in the case of Century Indemnity Co. v. Trammell, 148 Okla. 194, 298 Pac. 246.

Petitioners further contend that the evidence does not sustain the finding of the Commission that claimant's average wage was $7 a day, and that he was entitled to compensation of $18 per week. This contention is based on the theory that claimant offered no evidence as to the kind and character of the work he did during substantially the whole of the year preceding his injury; that compensation as computed by the Commission is contrary to section 7289, C. O. S. 1921.

Claimant was permitted to testify, without objection, that his daily wage was $7 per day at the time of the injury. No evidence was offered to the contrary. Petitioners at the hearing admitted that claimant's daily wage was $7 per day. In these circumstances the Commission did not err in making the award.

Speaking on this question, this court, in the case of Century Indemnity Co. v. Trammell, supra, said:

"As to the second proposition, the claimant testified that he was receiving $7 per day at the time of the injury. It is con-tended that there is no evidence in the record as to what kind of work he did during substantially the whole of the year preceding his injury. When the claimant testified what he was receiving at the time of his injury, in the absence of any proof or showing to the contrary, we think the Commission was justified in making the award on the evidence submitted."

It is further contended that the award should be vacated for the reason that it is ambiguous; that it is not clear as to whether the award is against John E. Mabee, individually, or against John E. Mabee, Inc. The claim was filed against both. The Commission found that claimant was injured while in the employ of John E. Mabee, Inc., respondent, and entered its award against respondent. It is readily ascertainable that it is against John E. Mabee, Inc.

It is further contended that the award should be vacated because it is indefinite. It is in the sum of $156, less payments theretofore made. It is contended that the award should have found the exact amount due. The amount actually due can readily be ascertained as no doubt petitioners have data as to the exact amount already paid. If any dispute should arise in this respect, it can readily be adjusted by the Commission.

Petition to vacate is denied.

LESTER, C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

CLARK, V. C. J., and RILEY, J., absent.