## KAHL & SMILEY DRILLING CO. et al. v. GARRARD et al.

No. 22137. Opinion Filed June 30, 1931.

164

James C. Cheek and Albert L. McRill, for petitioners.

Cooke & McBride, A. L. Jeffrey, J. Berry King, Atty. Gen., and Robt. D. Crowe, Asst. Atty. Gen., for respondents.

HEFNER, J. This is an original proceeding in this court by Kahl & Smiley Drilling Company and its insurance carrier, Employers Casualty Company, to review an award of the State Industrial Commission awarding compensation to Robert Garrard. Claimant was injured while in the employ of Kahl & Smiley Drilling Company. His injuries consisted of two cuts received from particles of glass from a burst glass water gauge of a steam boiler. The only evidence offered at the hearing is the evidence of claimant. He testified that, while engaged in the course of his employment, the glass water gauge of a steam boiler burst, and that he was cut by particles thereof under the left eyebrow and on his left cheek; that the cut under the eyebrow was one-fourth of an inch in length, and the one on the cheek was one-half inch long; that both cuts left visible scars; that the one on the cheek left a heavy scar tissue causing the facial muscles to draw shorter; that he could feel the scars and could see them when looking in a mirror; that he lost no time from his work as the result of the injury. The injury occurred August 3, 1930; the hearing was had before the Industrial Commission on February 6, 1931. Award is in favor of claimant in the sum of $400, because of serious and permanent injury to his face and head.

The award is assailed by petitioners on the ground that no medical or expert evidence was offered which established that the scars were permanent. We do not think it essential that expert evidence should have been offered on this point by claimant in the first instance. The symptoms of the injuries were objective and not subjective. They were not of such character as to require skilled and professional men to determine whether they were permanent. Hines, Director General, v. Dean, 96 Okla. 107, 220 Pac. 860; St. Louis, I. M. & S. Ry. Co. v. Cantrell, 63 Okla. 187, 164 Pac. 110. The scars were visible and of six months' duration at the time of the hearing, and were as apparent to an ordinary layman as to any skilled or professional man. Petitioners offered no evidence. We think the evidence offered sufficient to establish a prima facie case. Petitioners further contend there is no competent evidence upon which to base an award, and in support thereof rely on the case of Oklahoma Co. v. State Industrial Commission, 148 Okla. 215, 298 Pac. 296. It is there said:

"An award made by the State Industrial Commission must be based on the evidence reflected in the record, such as can be shown in the transcript thereof to this court, and may not be based on an examination of the claimant by the members of the Commission."

We do not think this case controlling, as in the instant case claimant's injuries were fully described and the existence of the scars fully established. Their nature and extent is fully disclosed by the evidence and reflected by the record. The award here is not based solely upon the inspection of the injury by the Industrial Commission.

In the case of Century Indemnity Co. v. Trammell, 148 Okla. 194, 298 Pac. 246, this court sustained an award for permanent disfigurement without expert evidence. The injuries in the instant case are more serious and more apparent to a layman than the injuries in that case.

The petition to vacate the award is denied.

LESTER, C. J., and CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

RILEY, J., dissents.

CLARK, V. C. J., absent.

SWINDALL, J., not participating.