## UNDERWRITERS LAND CO. et al. v. DIRST et al.

No. 21784. Opinion Filed Oct. 13, 1931.

Rehearing Denied Nov. 17, 1931.

Hayes, Richardson, Shartel, Gilliland & Jordan, for petitioners.

Wm. M. Thomas, for respondents.

HEFNER, J. This is an original proceeding in this court by Underwriters Land Company and Consolidated Underwriters to review an award of the Industrial Commission awarding compensation to Fred Dirst.

On October 9, 1924, claimant, while working for petitioner, Underwriters Land Company, received an injury to his left eye. He received compensation therefor under agreement between the parties to January 12, 1925. Thereafter, on motion of petitioners, compensation was discontinued upon order of the Industrial Commission on the ground that claimant's disability had ceased. The order was entered February 24, 1925, and in part recites:

"That the disability of the claimant resulting from an injury sustained by him on October 9, 1924, while in the employment of the respondent, did not extend beyond January 12, 1925;

"The Commission is of the opinion: By reason of the aforesaid facts, that the motion of respondent and insurance carrier to discontinue compensation as of January 12, 1925, should be sustained and this cause closed.

"It is therefore ordered: That the motion of respondent and insurance carrier to discontinue compensation as of January 12, 1925, be and it is hereby sustained and this cause closed."

On November 4, 1927, claimant filed an application to reopen the case on the ground

of changed condition. Hearing on the application was continued from time to time until the 5th day of September, 1930, at which time a hearing was had and addition. at compensation was awarded him.

Petitioners contend that the order of February 24, 1925, was a final order and plead the same as res judicata. The evidence at the hearing to discontinue compensation in substance establishes the following facts:

Claimant was injured on October 9, 1924, while engaged in breaking boulders, by a particle thereof striking him in the left eye. He was paid compensation until January 12, 1925. Claimant at that hearing testified that his eyelid was closed and he was struck on the top of the lid of the eye and that the eyeball was not injured. Two physicians testified that claimant's eyeball was not injured, but that he was practically blind in the left eye. They further testified that in their opinion the condition of claimant's eye was not due to injury, but was caused by focal infection, an infection that was in some part of his body and carried through the circulation. On this evidence the Industrial Commission made its order discontinuing compensation.

The evidence at the hearing to reopen the case and for additional compensation is, in substance, as follows: Shortly after the injury claimant consulted Dr. Pinnell, who treated his eye for a period of six weeks. Dr. Pinnell did not take an X-ray of the eye and at that time discovered no foreign object in the eyeball. Immediately after the injury the eye seemed to be only slightly affected. This condition gradually grew worse, finally resulting in total blindness in that eye. Thereafter, claimant's right eye also became affected, but this affection did not appear until some time after the order of February 24, 1925, discontinuing compensation. Claimant further testified that some time in 1927 he consulted Dr. Grover, an eye specialist in Washington, D. C., and as a result of such consultation discovered for the first time that a foreign body had lodged in his eye from the accident. That he received no injury thereto since October 9, 1924, and that since that time his right eye also became involved. Dr. Groover testified that he made an X-ray examination of claimant's eyes on June 4, 1927, and discovered that a foreign body the size of an ordinary pinhead was lodged in the lower part of his left eyeball. Dr. Pendexter, an eye specialist at Washington, D. C., testified that he examined claimant's eyes on May 31, 1927, and found he had no vision in his left eye and advised him to see Dr. Groover and

get an X-ray picture of the eyes in order that the cause of the condition might be determined. The X-ray taken by Dr. Groover disclosed that a small foreign object, consisting of a piece of rock, was lodged in claimant's left eyeball. An attempt was made by Dr. Pendexter, by an operation, to remove this object, but was unsuccessful. Dr. Pendexter further testified that an object of the size discovered in claimant's eye is very difficult to locate and could not be located without an X-ray. He further testified that in his opinion the condition of claimant's eye was not caused by disease. Dr. Shelton testified that claimant was blind in the left eye and that the injury to that eye caused a 12 per cent. loss of vision in the right eye. He also testified that it might be necessary to remove the left eye in order to prevent further loss of vision in the right eye. Under this evidence the Commission found that there was a change in condition since the order of February 24, 1925, discontinuing compensation, and awarded him additional compensation in the sum of $3,701.50, because of a permanent total disability to both eyes.

The award is challenged by petitioners on the ground that no change in condition is shown by the evidence and that the order of February 24, 1925, is therefore res judicata. In this connection petitioners urge that the former order was equivalent to finding that claimant had not suffered a permanent loss to the vision of his eyes because of the injury. We do not think the order can be so construed. There is no finding to this effect. The order was that compensation be discontinued and no definite finding was made as to the extent of disability. Since that order was made it has been discovered that a small piece of rock lodged in claimant's left eyeball which caused total blindness in that eye and also caused a 12 per cent. loss of vision in the right eye. At the former hearing there was no thorough examination of claimant's eyes; the extent of the injury at that time was not appreciated and not discovered by the physicians. Upon a subsequent and thorough examination a small piece of rock was located in claimant's left eye and it was also discovered that his right eye was affected by reason thereof. This, we think, constitutes a sufficient showing of a changed condition, which authorized the Commission to reopen the case and award additional compensation. We think the facts in the case bring it within the rule announced in Amerada Petroleum Corp. v. Williams, 134 Okla. 177, 272 P. 828. In paragraph 2 of the syllabus it said:

"Where an employee files an application for compensation on account of an injury to his leg, but at the time of making such application and hearing had thereon the extent of the injury was not appreciated and the Commission finds that the same is a temporary total disability and makes its award therefor, which is later affirmed by the Supreme Court, and where the claimant thereafter files his application to reopen said case and secure an increase of the award because it develops that claimant, as a result of said injury, has suffered a permanent partial disability, the Industrial Commission, under its continuing power and jurisdiction and by reason of such change of conditions, may reopen the case and make such an award as the claimant may be entitled to for such permanent partial disability. The doctrine of res judicata, by reason of the former award being affirmed by the Supreme Court, is inapplicable."

In the case of Marland Production Co. v. Hogan, 146 Okla. 220, 294 P. 115, this court said:

"The evidence in the case at bar shows that about a month after the respondent received the injury and after the settlement had been made, he was discharged because of the condition of his eyes. The evidence discloses that he was blind in one eye and 80 per cent. of the vision lost in the other and that before the accident his eyesight was good. The first award, of course, was on the theory that the injury was temporary. At a later hearing it was shown that it was a permanent injury. We think this record was sufficient to justify the Commission in reopening the cause and awarding further compensation on the ground that there was a change in condition."

What was said in this case applies to the facts in the case at bar. See, also, United States Fidelity & Casualty Co. v. Harrison, 125 Okla. 90, 256 P. 752; Christian v. Hanna, 144 Okla. 89, 289 P. 708; Patterson Steel Co. v. Bailey, 148 Okla. 153, 298 P. 282.

Petitioners rely on the cases of Vietti v. Crowe Coal Co., 133 Okla. 81, 271 P. 160, Olentine v. Galloway, 147 Okla. 137, 295 P. 608, and kindred cases. In all of these cases there was a specific adjudication at the first hearing, either that claimant's injury did not arise out of or in the course of his employment or that injury was not permanent in character and that no change in condition was shown. These cases are not applicable to the facts in this case. Claimant was originally paid compensation because of temporary disability. The extent of the injury had not fully developed at the time compensation was discontinued. There was, at that time, no specific adjudication that claimant was not permanently and totally disabled. It is conceded that claimant's in-

jury was due to the accident. These cases are clearly distinguishable from the case at bar and are therefore not controlling.

The award also allowed claimant medical and hospital bills and ordered that they be paid by petitioners. This portion of the award is challenged. The evidence is conclusive that subsequent to the award discontinuing compensation claimant received further treatment by physicians of his own selection and that he at no time requested petitioners to furnish him subsequent medical treatment. In these circumstances the order of the Commission as to the payment of medical and hospital bills is erroneous. In the case of Skelly Oil Co. v. Barker, 132 Okla. 279, 270 P. 566, the following rule is announced:

"The employer and insurance carrier are not liable for medical expenses incurred by employee where the employee fails to request that said treatment be furnished by employer as required by statute."

It is conceded by claimant that this case is controlling and that the Commission erred in ordering petitioners to pay this expense.

Petitioners further contend that the award should be vacated because the Commission made no finding as to the theory upon which additional compensation was allowed. We think, taking the order as a whole, it discloses that the additional compensation was allowed because of a changed condition.

The award is modified by eliminating therefrom the provision requiring petitioner to pay claimant's medical and hospital bills and the petition to vacate is denied.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. ANDREWS, J., not participating.