## GRIMES GASOLINE CO. v. TAYLOR.

No. 20558.   Opinion Filed Oct. 27, 1931.

McCrory & Monk (J. M. Shackelford, of counsel), for plaintiff in error.

Stanley B. Catlett and Eugene N. Catlett, for defendant in error.

HEFNER, J.  This is an action brought in the district court of Okfuskee county by

Dalton Taylor, a minor, by his next friend, J. M. Taylor, against Grimes Gasoline Company to recover damages for personal injuries.

Plaintiff alleges that he was employed by defendant in the capacity of pipe stabber and that while engaged in picking up a pipe, by and through the negligence of defendant's foreman, he was struck in the mouth by a piece of pipe and thereby suffered injuries to his lip and teeth which caused him to be permanently disfigured.

The defense was that plaintiff's injuries were compensable under the Workmen's Compensation Act and that the district court was therefore without jurisdiction to entertain the action. The evidence at the trial established that the defendant was engaged in an occupation covered by the Workmen's Compensation Act, and that it had fully complied therewith. At the close of the evidence defendant moved the court to direct a verdict in its favor, which motion was by the court overruled and judgment was entered in favor of plaintiff in the sum of $325.

Plaintiff contends that there is no provision in the act which authorizes compensation for permanent disfigurement resulting from injuries of the character here involved. This contention cannot be sustained.

Section 7290, C. O. S. 1921, as amended by chapter 61, sec. 6, Session Laws, 1923, in part provides:

"In case of an injury resulting in the loss of hearing or in serious and permanent disfigurement of the head, face or hand, compensation shall be payable in an amount to be determined by the Commission, but not in excess of $3,000. Provided, that compensation for loss of hearing or permanent disfigurement shall not be in addition to the other compensation provided for in this section, but shall be taken into consideration in fixing the compensation otherwise provided."

Under this provision the Industrial Commission is authorized to award an employee compensation for an injury resulting in a permanent disfigurement of his face. Awards of the Industrial Commission for injuries resulting in permanent disfigurement under circumstances similar to the circumstances in the case at bar were sustained by this court in the following cases: Century Indemnity Co. v. Trammell, 148 Okla. 194, 298 P. 246; Mabee v. Herring, 150 Okla. 165, 1 P. (2d) 149; Kahl & Smiley Drilling Co. v. Garrard, 150 Okla. 163, 1 P. (2d) 151.

Plaintiff further contends that the Industrial Commission was without jurisdiction to award him compensation for the reason that he sustained no loss of earning power because of his injuries. That he could not recover compensation in the absence of a showing that he sustained a loss of earning power. The statute does not require that there shall be a showing of loss of earning power before compensation can be made for a disfigurement, and we are not authorized to read such provision into the statute.

In the case of Kahl & Smiley Drilling Co. v. Garrard, supra, this court sustained an award of the Industrial Commission awarding compensation for permanent disfigurement without a showing that claimant suffered a loss of earning power.

Plaintiff in support of his right to maintain the action cites the case of Roxana Pet. Co. v. Cope, 132 Okla. 152, 269 P. 1084. It is there said:

"Not by the Workmen's Compensation Law (Comp. Stat. 1921, secs. 7282-7340) of this state, nor by authority of any other statute, can a minor, without the consent of his parent, by entering the employment of one conducting a hazardous business within the meaning of the Compensation Law, thereby extinguish the parent's right to the earnings of the minor and the right to recover for injuries inflicted upon the minor through the negligence of his employer."

The action is not brought by plaintiff's father to recover damages for the loss of services of his son. The action is by the son to recover damages for injury to his person. The cited case is therefore without application. Plaintiff should have presented a claim for his injuries to the Industrial Commission instead of bringing an action to recover common-law damages. Defendant's motion for a directed verdict should have been sustained.

Judgment is reversed, and the cause remanded, with directions to dismiss the action.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.