## ADA BRICK CO. et al. v. ROBINSON.

No. 22440. Opinion Filed March 8, 1932.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

W. E. Crabtree, for respondent.

SWINDALL, J. This is an original action to review an order and award entered by the State Industrial Commission in this cause on the 15th day of May, 1931. The record shows that on March 20, 1929, the claimant filed a claim with the State Industrial Commission alleging that, on the 22nd day of January, 1929, he sustained an accidental personal injury consisting of an injury to his knee and a rupture.

Several hearings were had, and on the 9th day of December, 1929, the Commission entered its order in said cause finding that the claimant had sustained an accidental personal injury arising out of and in the course of his employment with the Ada Brick Company and that by reason of said injury the claimant sustained a double hernia and also an injury to the right leg; that he was totally disabled by reason of said injuries from January 22, 1929, to July 27, 1929, and ordered compensation paid for that period at the rate of $8 per week. It was further found that from and after

July 27, 1929, claimant was entitled to compensation for temporary partial disability at the rate of $4 per week, being 66 2/3 per centum of claimant's wage-earning capacity since said total disability ceased on July 27, 1929. Said compensation at the rate of $4 per week to continue until further ordered by the Commission. It further ordered that petitioners pay to the claimant compensation at the rate of $8 per week computed from January 27, 1929, and the costs of the necessary operation for the correction of said double hernia. The petitioners complied with the above order of the Commission, had the claimant operated on for hernia, and paid the compensation ordered up to and including May 10, 1930, and on May 31, 1930, petitioners filed a motion for a hearing alleging that the claimant had fully recovered from the effects of his injury and asked that the cause be set for hearing to determine the relative rights of the parties to the cause. Several hearings were had on said motion and the Commission, on the 15th day of May, 1931, made and entered its order herein wherein it found that the claimant had a change in conditions for the worse and was forced to enter a hospital on October 21, 1930, and since that date has been totally disabled to perform manual labor. Upon that finding the Commission ordered the petitioners to pay the claimant compensation at the rate of $8 per week from October 21, 1930, to March 30, 1931, and to continue at said rate subject to the further order of the Industrial Commission. The Commission further ordered that the petitioners pay such reasonable medical expenses as had been incurred by claimant by reason of said injury. From said last order the petitioners bring the action here for review upon two propositions, the first being that there is no competent evidence in the record to show that the claimant's condition at the time of the hearings last had in the case was the result of his accidental personal injury. We have carefully examined the record and find the evidence to be conflicting. The record shows that the respondent, J. F. Robinson, is about 60 years of age, and according to the testimony of his family physician, he has for seven to nine years been an exceedingly neurotic, nervous patient. However, there is some competent evidence that the original injury to the knee of the respondent, J. F. Robinson, is the cause of his being unable to work at the present time, and that his present physical condition is aggravated as a result of said original accidental injury to the extent that he is not able to perform any kind of remunerative labor.

The Industrial Commission's fact finding is conclusive and will not be vacated if supported by any competent evidence. Proceeding in the Supreme Court to review Industrial Commission's award is to review errors of law, not of fact.

The second contention of the petitioners is that the Commission erred in ordering the respondent and insurance carrier to pay for further medical expense incurred by claimant, since it is shown in the record that he did not request medical attention and was not refused the same by respondent and carrier. Counsel for respondent, J. F. Robinson, contends that it certainly is not the law that the injured employee should be required to request the employer and insurance carrier to furnish medical attention in an emergency such as evidently existed, and then quotes section 7288, Workmen's Compensation Law, as amended by Session Laws 1923, section 5, c. 61, p. 122. We have no fault to find with this law quoted; it is binding upon the Commission and upon this court. However, it does not apply in the case at bar for the reason there is no competent evidence to show that an emergency existed, or that the employee requested that treatment be furnished by employer as required by statute. Respondent was in possession of his faculties and evidently understood his legal rights, and if he had desired medical attendance it was his duty to request the employer and insurance carrier to furnish the same. We are not authorized to legislate in order to have a law that may be applied to each case, but will perform our duty by following the law as enacted by the legislative branch of the government. This court held in Skelly Oil Co. v. Barker, 132 Okla. 279, 270 P. 566, that:

"The employer and insurance carrier are not liable for medical expenses incurred by employee where the employee fails to request that said treatment be furnished by employer as required by statute."

Also, Underwriters Land Co. v. Dirst, 152 Okla. 286, 4 P. (2d) 1015.

The employee in this case having failed to request the medical expenses involved in this case, the State Industrial Commission was in error in ordering the petitioners to pay for medical treatment that had been furnished prior to claimant's requesting same be furnished by his employer.

We, therefore, approve the award for additional compensation on the ground of a change in condition and vacate the same in so far as it relates to medical attendance.

Award affirmed as to additional compensation and vacated as to medical attendance.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, McNEILL, and KORNEGAY, JJ., concur. ANDREWS, J., absent.

Note.—See under (1), (2), annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 827-829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title Workmen's Compensation, § 116. (3), 28 R. C. L. 822; R. C. L. Perm. Supp. p. 6246.