**SKELLY OIL CO. v. SKINNER et al.**

No. 23138.   Opinion Filed Feb. 28, 1933.

W. P. Z. German, Alvin F. Molony, Robert M. Turpin, and Geo. W. Cunningham, for petitioner.

W. H. Woods, for respondents.

SWINDALL, J.   This is an original proceeding in this court to review an award entered by the State Industrial Commission on the 5th day of November, 1931, in favor of claimant, E. M. Skinner, and against petitioner, Skelly Oil Company.

The accidental personal injury occurred June 25, 1930.   Claimant's face was pushed into certain oil well structures when a heavy beam hanger was allowed to come to rest upon the back of his head and neck.   An original award was made October 14, 1930, following two hearings in the matter, and an agreement thereafter between the employer and employee as to the facts with relation to the injury and payment of compensation therefor. The award described the injury as being "laceration of right jaw, small cut under left eye and teeth on left side loosened and damaged;" and approved a settlement therefor in the sum of $366.42, $16.42 for temporary total disability and $350 for "disfigurement and damage to claimant's teeth." It was clear at the time of this award that eight teeth on the left side would have to be extracted eventually and it was thought that the injury extended no further.

On August 6, 1931, claimant filed a motion to reopen on the ground of a change in conditions.   The cause was heard by the Commission, and on November 5, 1931, its award was entered, of which the following is pertinent:

"(3)   That by reason of said accidental injury claimant has been paid $366.42 for one week's temporary total disability at the rate of $16.42 per week and the sum of $350 for disfigurement and damage to claimant's teeth; **that since that time claimant has had to have all of his teeth removed as a result of said accidental injury.**

"Upon consideration of the foregoing facts, the Commission is of the opinion that the claimant is entitled to the sum of $750 in addition to the amount previously paid, **on account of the loss of the balance of his teeth, as a result of said accidental injury.**"

The Commission further ordered that the employer pay all medical, hospital, and doctor bills incurred by reason of said injury.

Under this state of the record, petitioner contends:   (1)   That claimant is not en-

titled to recover without an affirmative showing that his loss either affected his earning capacity or disfigured him; that there is no evidence to show disability or "serious" and "permanent" disfigurement; that, in fact, it shows the contrary; (2) that there is no evidence that the present loss of teeth is due to the original injury; (3) that there is no evidence showing that claimant's disfigurement had increased; and (4) that the Commission was without authority of law to direct petitioner to pay the medical expense incurred by claimant.

Section 13356, O. S. 1931 (sec. 7290, C. O. S. 1921, as amended by section 6, ch. 61, Session Laws 1923), reads in part as follows:

"In case of an injury resulting in the loss of hearing or in serious and permanent disfigurement of the head, face or hand, compensation shall be payable in an amount to be determined by the Commission, but not in excess of $3,000. * * *"

In interpreting section 13356, petitioner urges the authority of Oklahoma Co., Inc., v. State Industrial Commission, 148 Okla. 215, 298 P. 296, wherein this court held that a disfigurement to be compensable must be both "serious" and "permanent," and argues forcefully that the present disfigurement may be so erased by artificial teeth as not to be "serious." Petitioner shows that the whole theory of the Workmen's Compensation Law is based upon compensation for impaired earning capacity, and points out that the statute grants compensation for serious disfigurement of the head, face, and hands only, thereby demonstrating an underlying intent that disfigurement may be compensated only where it may diminish employment opportunities.

This court has had before it four cases involving awards for disfigurement resulting from injuries to teeth—Bell Oil & Gas Co. v. Industrial Commission, 88 Okla. 98, 211 P. 1042; Century Indemnity Co. v. Trammell, 148 Okla. 194, 298 P. 246; Mabee v. Herring, 150 Okla. 165, 1 P. (2d) 149; and Mabee v. Anthony, 155 Okla. 35, 8 P. (2d) 22. Petitioner says that the first three of these are distinguishable in that in each the evidence showed more than the mere loss of teeth; in the fourth nothing more was involved. In that case the syllabus is as follows:

"Award of $200 for loss of two front teeth and breaking of two other front teeth is affirmed. Held, that loss of front teeth is permanent disfigurement, and is compensable under the Workmen's Compensation Law of the state of Oklahoma."

In the body of the opinion the court said:

"However, to knock out two teeth would certainly be disfigurement to the head as nature made it, and as nature made the front, which we call the face. It is only a question of time when, by the shrinking of the gums and the wasting away of the bony process that the roots of the teeth are fastened in, there will be a disfigurement, not only of the head, but of the face also. The fact that a dentist made some new teeth for him would not prevent disfigurement, as we all know that the teeth will not come back and that artificial teeth never fill the place of that which is natural."

From the Missouri Reports, Betz v. Columbia Telephone Co., 224 Mo. App. Rep. 1004, we find the following expression:

"The loss of 31 teeth is a serious handicap to any one. It is a severe mutilation and permanent disfigurement. To say otherwise is to speak contrary to nature. No one could be so devoted to the practical and artificial as to claim for 'store teeth' equal advantage with the sound and natural incisors and molars."

And in the case of Odom v. Atlantic Oil Producing Co., 162 La. 556, 110 So. 754, the following:

"In our opinion, the loss of three lower front teeth is a serious permanent disfigurement. * * * The fact that the teeth may be, and in this instance were, replaced does not wholly remove the disfigurement or the impairment, or the seriousness of either, though it lessens it."

These cases, in our opinion, dispose of the contention that the loss of all claimant's teeth is not a "serious" and "permanent" disfigurement. Wherever the question has arisen, so far as we have been able to find, the courts have so treated the loss. See also, Gunnison Sugar Co. v. Industrial Commission, 73 Utah, 535, 275 P. 777, and Amalgamated Sugar Co. v. Industrial Commission, 75 Utah, 556, 286 P. 959. Petitioner argues that in this case the only evidence shows that there will be no disfigurement, and cites for his support a statement made by claimant's own doctor to that effect. The evidence in this case is entirely sufficient to show the nature and extent of claimant's injury and the nature and extent of its possible repair. It is a matter for the court to determine whether the same constitutes a disfigurement. See the cases cited, supra. As for petitioner's contention that disfigurement may be compensated only where it may diminish employment opportunities, we agree that such is the theoretical basis for the provision, but the Commission is not limited by the terms of the statute to cases where it appears in evidence that such may be the result. No evidence need be taken on the point. It is only

to be considered judicially in determining the meaning of the words used. In the case of Amalgamated Sugar Co. v. Industrial Commission, supra, the claimant had lost one front tooth and fractured another, and under an act similar to our own, the court said:

"The general purpose of the Workmen's Compensation Act is to provide compensation for loss of earning capacity resulting from industrial accidents. But the scheme of compensation is not necessarily limited to cases where there is immediate impairment of earning ability. It is within the general purpose of the law, and without doubt within the power of the Legislature to provide for compensation for injuries which impair physical efficiency, even though present earning capacity is not directly affected. In most cases any disfigurement or loss of bodily function ultimately impairs earning capacity."

In the Betz v. Columbia Telephone Co. Case, supra, the Missouri court awarded compensation for the loss of 31 teeth where the statute specifically said the award for disfigurement should be "based upon the handicap suffered by injured employee in obtaining employment."

Petitioner's second proposition is that there is no evidence in the record that the present loss of teeth is due to the original injury as there must be. Industrial Track Construction Co. v. Colthrop, 132 Okla. 77, 269 P. 263; Summers v. Bendelari, 128 Okla. 243, 262 P. 648; Cox v. State Industrial Commission, 140 Okla. 59, 282 P. 610; Skelly Oil Co. v. Thomas, 147 Okla. 86, 295 P. 213; Loffland Brothers Co. v. Velvin, 152 Okla. 83, 3 P. (2d) 855. In this record there is ample evidence to have justified the Commission in finding that at the time of the injury claimant's teeth were in reasonably sound condition for a man of his age, 37 years; that no pyorrhea existed as claimed by petitioner. There is no evidence of any other cause for claimant's damage, yet within a year he lost all of his teeth. Dr. Stone, for claimant, testified at the hearing on the motion to reopen that claimant came to him in March, 1931, gave him a history of the accidental injury, and that he found "quite a bit of sclerosis and hardening of the alodes process," more on the right than on the left side, and returned the following answer to attorney's question:

"Q. Doctor, if he had those ailments, outside of the injury, what, in your opinion, was the cause of it? A. Well, that's nearly always caused by some form of injury."

He stated that damage of this character to teeth so injured would begin to exhibit itself from three to six months to a year and one-half following the injury. The first award was made four months after the accident occurred. It is clear from the doctor's direct testimony that in his opinion the injury was the causative factor necessitating his removal of the teeth. On cross-examination the following occurred:

"Q. And when you talk about his teeth having gotten worse, you are talking only about teeth that may have been injured? A. Yes, sir. Q. You have no definite way of knowing what teeth may have been injured? A. No, sir."

These are the answers upon which petitioner bases its contention. We do not think they bear petitioner out. The doctor was not given an opportunity to explain. The answers raise several possibilities as to what he may have meant, but when considered in connection with his direct testimony seem to mean merely that he could not reduce the causation to a mathematical certainty, that it was his opinion. We cannot say, then, that there is no evidence in the record that the present loss of teeth is due to the original injury.

We think it too clear for controversy that the loss of all of one's teeth constitutes a greater disfigurement than the loss of eight teeth on the left side, not including the front teeth.

Petitioner's fourth proposition is that the Commission was without authority of law to direct it to pay the medical expense incurred by claimant. The record shows that subsequent to the first award, claimant became indebted to two physicians for examinations of his back and neck, and to Dr. Stone for pulling his teeth. Following the first award, petitioner had no knowledge that claimant anticipated further treatment, and he made no request of them to furnish it. No emergency existed. Under such circumstances, we think the petitioner's proposition is correct, and it is only liable for medical attendance requested. Ada Brick Co. v. Robinson, 155 Okla. 267, 9 P. (2d) 1; Summit Drilling Co. v. Graham, 154 Okla. 64, 6 P. (2d) 693; Underwriters' Land Co. v. Dirst, 152 Okla. 286, 4 P. (2d) 1015; Skelly Oil Co. v. Barker, 132 Okla. 279, 270 P. 566.

For the foregoing reasons, the award is affirmed in all things except the order to pay all medical expenses, and is vacated as to all medical expenses not requested.

RILEY, C. J., CULLISON, V. C. J., and McNEILL, OSBORN, and WELCH, JJ., concur. ANDREWS, BAYLESS, and BUSBY, JJ., absent.