GRINNELL CO., Inc., et al. v. SMITH et al.

No. 34302. May 31, 1950.

*218 P. 2d 1043.*

George E. Fisher, of Oklahoma City, for petitioners.

Farmer & Kerr, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, J. On the 8th day of August, 1949, the State Industrial Commission entered an award in favor of Bobby L. Smith for injuries sustained on April 9, 1948, when he fell from a scaffold while employed by petitioner, Grinnell Company, Inc. The award, insofar as pertinent to this proceeding, is as follows:

"That as a result of said injury, the claimant lost four teeth for which he is entitled to compensation in the sum of $200.

"That by reason of the serious and permanent disfigurement to the claimant's face he is entitled to compensation in the sum of $400."

The single issue presented by the petitioner in this proceeding to review the award is that the State Industrial Commission erred as a matter of law in allowing $200 for the loss of teeth. It is not denied that claimant sustained serious face and head injuries when he fell from a scaffold, nor is it denied that the resulting disfigurement is permanent. It is asserted that the effect of the award is to separate the injury resulting in the loss of teeth into a classification not covered by the statute and to make an award therefor in addition to the $400 for disfigurement.

Section 22, subd. 3, 85 O.S. 1941, insofar as it is pertinent hereto, reads as follows:

"In case of an injury resulting in the loss of hearing or in serious and permanent disfigurement of the head, face or hands, compensation shall be payable in an amount to be determined by the Commission, but not in excess of Three Thousand ($3,000) Dollars . . ."

We have held that an award for serious and permanent disfigurement of the head, face and hands may be made independently of other awards. Brunstetter Motor Co. v. Brunstetter, 169 Okla. 184, 35 P. 2d 964; Seneca Coal Co. v. Carter, 85 Okla. 220, 205 P. 495; Comar Oil Co. v. Sibley, 128 Okla. 156, 261 P. 926; Arrow Gasoline Co. v. Holloway, 122 Okla. 257, 254 P. 98; Ford Motor Co. v. Farmer, 146 Okla. 9, 293 P. 191.

We have also held that the statute does not make reduction in earning capacity the basis of the award. Loffland Bros. Co. v. State Industrial Commission, 148 Okla. 190, 298 P. 259; Bell Oil & Gas Co. v. State Industrial Commission, 88 Okla. 98, 211 P. 1042; Skelly Oil Co. v. Skinner, 162 Okla. 150, 19 P. 2d 548; Mabee, Inc. v. Herring, 150 Okla. 165, 1 P. 2d 149; Mabee, Inc. v. Anthony, 155 Okla. 35, 8 P. 2d 22, 80 A.L.R. 968; Black, Sivalls & Bryson, Inc. v. Homier, 194 Okla. 162, 148 P. 2d 166.

In Century Indemnity Co. v. Trammell, 148 Okla. 194, 298 P. 246, this court approved an award for $100 for disfigurement of the lip and $400 for disfigurement resulting from loss of teeth. It appeared in that proceeding that the loss of teeth caused a disfigurement of the face.

In Mabee v. Anthony, supra, we held that the loss of teeth alone, even though repaired by dental surgery, constituted serious facial disfigurement. To the same effect see Loffland Bros. v. State Industrial Commission, supra, and Skelly Oil Co. v. Skinner, supra.

The injuries insofar as the face and head are concerned constitute, in the first instance, the loss of four natural teeth and one false tooth. The teeth were repaired by the insertion of bridgework. In addition, there is a scar on the lower lip approximately one and one-half inch long, which is irregular in shape, and thus the lower

lip is pushed up slightly from its normal position. There is a scar approximately one inch long on the lower right chin, extending diagonally from the bottom of the chin toward the right ear, and a scar approximately one-half inch long below the end of the chin, visible when the head is elevated and an irregular scar approximately one inch long immediately below the point of the chin. The evidence therefore establishes serious and permanent disfigurement by reason of the scars on the face and the loss of teeth. It is not argued that $600 is an excessive amount in payment for the disfigurement.

In Comar Oil Co. v. Sibley, supra, this court sustained an award for $2,000 for facial disfigurement. The award in the case at bar totals $600. We can see no difference legally between making separate awards for the disfigurement resulting from the scars and for the disfigurement caused by the loss of the teeth, as was done in Century Indemnity Co. v. Trammell, supra, and awarding a total of $600 for the entire disfigurement.

Under the rule announced in the foregoing cases, we find no error in the award as made.

Award sustained.